## HAIRSTON v. OAKWOOD CEMETERY ASS'N.

### No. 13364.

Court of Civil Appeals of Texas.
Fort Worth.

May 1, 1936.

Rehearing Denied May 29, 1936.

Morris Williams and Homer B. Green, both of Fort Worth, for plaintiff in error.

W. F. Young, of Fort Worth, for defendant in error.

BROWN, Justice.

For convenience, we will refer to the parties in this case as appellant and appellee.

Appellant brought suit in the Seventeenth district court of Tarrant county against appellee, on the theory that appellee is subject to the Workmen's Compensation Law (Rev.St.1925, art. 8306 et seq., as amended, Vernon's Ann.Civ.St. art. 8306 et seq.), enacted by the Legislature of the State of Texas, but neglected to provide itself with insurance for its employees, and seeks to recover for the partial loss of the sight of one of his eyes, on the theory that his employer, acting through its superintendent, was guilty of negligence which proximately caused his injury.

Appellant Hairston alleged, in substance, that on or about May 12, 1932, he was employed by appellee, Oakwood Cemetery Association, his duties being that of a caretaker and gardener on and about the grounds and premises of the association, and that immediately prior to receiving the injury of which he complained, one Hart, appellee's general supervisor and foreman over appellant, instructed and directed appellant to load a certain vehicle with trash that had accumulated on the premises of the association; that at the time he was given such instructions and directions, a strong wind was blowing at the rate of twenty to twenty-five miles per hour; and that appellant informed the said Hart that it would be dangerous to load the trash while the wind was so blowing, but that the said Hart, after such statement and warning, again directed and instructed appellant that he must load the trash, and appellant, fearing that he might lose his job, proceeded to load the same as instructed and directed, and while so loading the trash and carrying out the duties placed upon him by appellee, "a cinder, a blade of grass, or foreign object came from the said shovel of trash as he was loading it and flew into the eye of plaintiff and injured his eye so severely that he lost the sight of same."

The cause was tried to a jury and eight special issues were submitted, on which a verdict was rendered as follows:

(1) Whether or not a wind of the velocity of twenty to twenty-five miles per hour was blowing in appellee's cemetery at such time? Answered, yes.

(2) Whether or not appellant complained to appellee's superintendent that it would be dangerous for him to load the trash with the wind blowing? Answered, yes.

(3) Whether or not the superintendent directed appellant to load the trash after he made such complaint? Answered, yes.

(4) Whether or not such direction on the part of the superintendent was negligence? Answered, yes.

(5) Whether or not appellant sustained an injury to his left eye by some flying object? Answered, yes.

(6) Whether or not the injury to appellant's left eye was the result of an unavoidable accident? Answered: It was not an unavoidable accident.

(7) Whether or not the negligence on the part of the superintendent was the proximate cause of appellant's injury? Answered, yes.

(8) The amount of the damages sustained by appellant? Answered: $2,000.

Before the charge was given to the jury, appellee requested a peremptory instruction in its behalf, which was refused. After the verdict was returned, appellee made a motion for judgment, notwithstanding the verdict, and this motion was granted and judgment rendered that appellant take nothing against appellee. Hence the appeal.

The defectiveness of appellant's brief is brought to our attention, and were it not for the fact that the action of the trial court is tantamount to the giving of a peremptory instruction for appellee, we would not consider appellant's assignments of error, or any of them. But we are convinced that the brief contains a sufficient assignment of error to the action of the trial court in rendering judgment for appellee, notwithstanding the verdict. If the trial court was in error in rendering judgment for appellee, notwithstanding the verdict, such error is undoubtedly fundamental.

■ Under the Workmen's Compensation Law, for appellant to recover it is undoubtedly necessary for him to allege and prove that he sustained an injury while engaged in the performance of the duties for which he had been employed, which was proximately caused by the negligence of his employer. We do not believe that the evidence adduced by him brings him within such a ruling.

■ In the first place, appellant relies on the necessity of a stiff wind blowing at a velocity of 20 to 25 miles per hour, out of the north throughout the day on which the injury was supposed to have occurred, and his testimony concerning such velocity, he admits, is purely guesswork.

Mr. D. S. Landis, in charge of the United States Government Weather Bureau in the City of Fort Worth, which is located about one and one-half to two miles south of appellee's cemetery where appellant was working, testified from his records that he had recorded the wind velocity for each hour, the direction from which the wind was blowing each hour, the greatest velocity attained on the day appellant claims to have sustained his injury, and that the average hourly velocity for that day was five miles per hour, and the greatest velocity during the day was eight miles per hour. This record covered a period of time from 12 o'clock midnight, continued entirely through the day on which the injury is alleged to have occurred, and ended at 12 o'clock midnight of such day; that the lowest velocity of the wind during such period was three miles per hour; that from midnight until 11 o'clock on the morning of May 12th, the wind was out of the northwest; that then it came out of the northeast for six consecutive hours, changing to the east for two hours, then changing to the southeast; that it then changed to the east between 4 and 5 o'clock in the afternoon.

Analyzing this testimony, it is inconceivable to us that an ordinary wind blowing in a general direction, such as this wind of necessity must have been even under appellant's testimony, could have blown steadily, or practically steadily, all through the day at a velocity of twenty to twenty-five miles an hour and would not have been recorded by the government weather bureau wind instrument, which is located some mile and a half or two miles south of the scene of the accident. Be that as it may, appellant is a grown man, in charge of all of his faculties, and he does not attempt to show that the superintendent under whom he worked either directed or compelled him to stand on any particular side, or at any particular end of the vehicle in which he was throwing the trash. If he knew, or had cause to believe, that he was in any danger of being injured by flying particles coming from the trash, there was nothing to prevent him from standing at such a place as that the wind would blow the trash from him instead of into his face while he was working.

We do not believe that the evidence introduced on the part of appellant is sufficient to raise the issue of negligence on the part of appellee's superintendent, and we do not believe that such evidence raises the further necessary issue of proximate cause of the injury. San Antonio Gas Co. v. Robertson, 93 Tex. 503, 56 S.W. 323; Dullnig v. G. A. Duerler Mfg. Co. (Sup.) 87 S.W. 332; Joske v. Irvine, 91 Tex.

574, 44 S.W. 1059; Pullman Co. v. Caviness, 53 Tex.Civ.App. 540, 116 S.W. 410, writ refused.

It is undoubtedly true that a slight puff of wind, with a velocity of from three to eight miles per hour, could and would have blown some foreign particle into appellant's eye.

The evidence in this record does not justify the conclusion that the velocity with which the wind was blowing was the cause of the injury. Any such conclusion must be reached through surmise and speculation. Neither does the evidence justify the conclusion that appellee's superintendent was guilty of any negligence which proximately caused appellant's injury.

Mr. Justice Brown, of the Supreme Court of Texas, in the case of Texas Loan Agency v. Fleming, 92 Tex. 458, 49 S.W. 1039, 1041, 44 L.R.A. 279, quoted from the opinion of Joske v. Irvine, supra, as follows: "It is the duty of the district court to instruct a verdict, although there may be slight testimony in support of an issue, if the probative force of such testimony be so weak that it only raises a mere surmise or suspicion of the existence of the fact sought to be established. Such testimony, in legal contemplation, falls short of being 'any evidence,' within the meaning of the law."

Judgment of the trial court is affirmed.