THE EAST AND WEST TEXAS LUMBER COMPANY v. T. E. BARNWELL.

No. 3115.

1. **Pleading—Merchandise Includes Articles of Merchandise.**—Petition alleged many charges for merchandise. When evidence showing articles of merchandise was offered it was admissible over objections that the allegations of the petition were insufficient. Merchandise includes articles of merchandise.

2. **Same—Practice.**—Exceptions should have been urged to the petition for defects in itemizing. The defect cannot be reached by objecting to testimony.

3. **Same—Evidence—Orders for Goods.**—In an action upon an account for merchandise delivered at alleged times, etc., that parcels of goods were at times delivered on orders or pay checks does not constitute a variance. Such testimony was admissible when they evidenced sales of merchandise to the defendant by the plaintiff; e. g., when such orders showed simply authority to plaintiff to sell to the holder, etc.

4. **Variance—Merchandise.**—Under allegations of sale of merchandise an account including items of indebtedness for other things should be excluded, at least to extent of such items. See example.

5. **Taking Acceptances Upon an Account.**—It was not error to exclude the question asked of plaintiff suing upon an account " whether in whole or in part the account was covered by acceptances executed by defendant and delivered to plaintiff," counsel for the defendant having stated that he "proposed to prove by the witness that a considerable portion of the account was covered by drafts drawn by the plaintiff and accepted by defendant." Such testimony was immaterial, there being no offer to prove that the acceptances were taken as a discharge of so much of the debt, or that they were paid, or had become or could become a charge against defendant.

APPEAL from Upshur. Tried below before Hon. Felix J. McCord. The opinion sufficiently states the case.

*N. W. Finley*, for appellant.— 1. When an account has been closed by note or accepted drafts the new and higher evidence of debt must be the basis of the suit and not the old account.

2. The allegata and probata must correspond, and where one sues on an account for merchandise sold and delivered to defendant he can not prove a liability for merchandise sold to some other persons or a liability other than that for merchandise sold and delivered, and such liability must be in the form declared upon.

3.   The court erred in overruling defendant's motion, made after all the evidence was in, to strike out and exclude from the consideration of the jury the book account read in evidence, for these reasons:

(1)   The items and amounts therein charged to defendant were shown to be covered by defendant's acceptances.

(2)   The said account was shown by the evidence to be in the main for merchandise sold to mill hands on checks or orders on plaintiff in their favor for money drawn by different persons.

(3)   Because there was a variance between the account sued on and the book account read in evidence in this, the petition alleges an account for merchandise sold and delivered, while the book account contained various items other than merchandise.   Belcher v. Mulhall & Scaling, 57 Texas, 17; Espey v. Heidenheimer Bros., 58 Texas, 662; Brinkley v. Harkins, 48 Texas, 225.

4.   If the defendant was liable to plaintiff at all it became so by reason of and on the orders given the mill hands, and if any of those orders are still retained by the plaintiff the amount of them should have been deducted from the account.

*Peteet & Crosby,* for appellee.

HENRY, ASSOCIATE JUSTICE.—The appellee brought this suit for money due him by open account, and caused a writ of attachment to be levied upon personal property belonging to the defendant, the East and West Texas Lumber Company.

The petition charged that the claim of plaintiff was for "goods, wares, and merchandise" sold and delivered to the defendant.   The bill of particulars attached to the petition failed to specify the character or description of the merchandise; and designated each item only as "mdse," with the date and value of the purchase.

The defendant specially excepted to the petition on the ground that plaintiff's cause of action was "not itemized, as required by law."   The court overruled the exception.   We find no assignment of error relating to the point.   Upon the trial the plaintiff offered in evidence and was permitted to prove his account, in which the articles of merchandise sold were specified.   The court overruled an objection by the defendant to the evidence, made upon the ground of variance between the allegation and evidence.   The proper method of making the objection was by an exception to the pleading, and not to the introduction of the evidence.   Under the general allegation in the petition and exhibit of indebtedness for "merchandise" evidence was properly admitted of the sale of articles of merchandise.

It appears by the statement of facts that all of the account sued upon

was originally based on orders drawn in favor of mill hands in the form
of the printed one then produced reading as follows:

"$ 5.00.       East and West Texas Lumber Company,

"Pay to T. E. Barnwell five dollars.    Charge to acct. of Mill No. 1.
"No. 57.                          Per M. A. Thomas."

The words "not transferable" were written across the faces of the
orders; that plaintiff, by the request of the defendant company, kept the
orders until the first of each month, when he and defendant's clerk
"checked up accounts, when plaintiff left the orders with the clerk."

The defendant objected to the introduction of this evidence on the
ground of variance between it and the allegations in plaintiff's petition.
The evidence was properly admitted.

Taken as a whole the evidence shows that the substance of the trans-
actions between the parties was sales of merchandise by the plaintiff to
the defendant, and that they so understood it.

The written orders evidently were not intended as causes of action but
simply as authority to sell and deliver the merchandise to the person in
possession of the order and to charge it to the defendant.

After the evidence was closed the defendant made a motion to exclude
part of it upon the following ground: "Because there was a variance
between the account sued on and the book account read in evidence in
this, that the petition alleged an account for merchandise sold and de-
livered, while the book account contained various items other than mer-
chandise." ·

The account is very voluminous, containing about eight hundred items,
and our attention is not directed to the objectionable ones otherwise than
by the general terms of the above objection.

We have examined the account offered in evidence and compared it
with the one contained in the exhibit attached to the petition, and find
in the one used in evidence and proved the following items which we do
not find included in the pleadings, unless they are there intended to be
included and designated as "merchandise:"

| | |
|---|---:|
| 30 January, 1887—freight | $0 50 |
| 13 June, 1888, order of S. T. Corley | 80 00 |
| 2 May, 1888, order of J. W. Harrison | 40 00 |
| 13 June, 1888, acct. of Jack Hilton | 7 45 |
| 13 June, 1888, acct. of T. J. Lowe | 35 |
| 13 June, 1888, acct. of Billingsly | 4 35 |

Evidence of these items was not admissible under allegations of the
sale of merchandise, and there being no allegation to support the evidence
with regard to them it should have been excluded whenever a motion to
that effect was made.

The evidence showed that "a part of the indebtedness sued on was cov-
ered by a draft drawn by plaintiff on defendant for $500, which was by the

defendant accepted and delivered to plaintiff; that plaintiff sent the acceptance to Bonner & Bonner, bankers at Tyler, for collection; that Bonner & Bonner had never returned it to plaintiff, and that he did not know what had become of it; that Bonner & Bonner sent plaintiff their obligation in writing indemnifying the defendant against said acceptance, and plaintiff delivered said indemnity to defendant, and defendant promised to pay said accepted draft, but never did so."

When plaintiff was being examined as a witness for the purpose of proving his account he was asked by the defendant's attorney "if the account was not in whole or in the main covered by acceptances executed by defendant and delivered to plaintiff?"

Defendant's attorney at the time stated to the court "that he proposed to show by the witness that a considerable portion of the account was covered by drafts drawn by plaintiff and accepted by defendant."

The court sustained an objection to the evidence.

The tender of the evidence did not include an offer to prove that the acceptances were taken as a discharge of so much of the debt or that they were ever in fact paid by the defendant, or that they had become or could become a charge against defendant through which it might incur damage or loss. The evidence tends to a contrary conclusion. We find no error in the ruling except with regard to the admission of evidence to prove the items above referred to, amounting in the aggregate to the sum of $132.65. We do not think that the assignment of errors presents any ground for the reversal of the judgment in favor of appellant. But for the error committed in that respect the judgment must be reversed and the cause remanded unless the appellee sees proper to enter here a remittitur for said sum. If he does that, the judgment will be affirmed.

*Affirmed.*

Delivered October 28, 1890.