A. M. H. STARK v. GEORGE W. BURKITT ET AL.

No. 2075. Decided June 15, 1910.

**1.—Cross Action—Pleading—Account.**

In a cross-action to recover of plaintiffs the amount of an account for moneys advanced and charges due under a contract not performed by plaintiffs the same particularity in alleging the various items of the account is necessary as in an original action on account. (P. 440.)

**2.—Same—Note to Secure Advancements.**

Where contractors had given their note to secure advancements to be made to enable them to perform their contract, an action to recover the amounts due for such advancements and other indebtedness arising under the contract, which they had failed to perform, was a suit on account, not on the note, the items of which must be specially pleaded and a general allegation of the balance due on the note after deducting such items therefrom as credits was insufficient. (Pp. 438–440.)

**3.—Evidence—Books of Account.**

To authorize the introduction of books of account as evidence of indebtedness it must be proved: (1) that they contained original entries of transactions pertinent to the business in question; (2) that same were made in the regular course of business at or near to the time the transactions were had; (3) that they indicate what the charge is for, that is, what the transaction was; (4) that they were made by one authorized to do so, and of acts done by him, or from information from one authorized to do so; (5) that the transactions were regularly entered and the books correctly kept. Various items of a book account considered and held not admissible under the foregoing rules. (P. 440.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Orange County.

Stark obtained writ of error on the affirmance by the Court of Civil Appeals of an adverse judgment in an action by Stark & Elliott against Burkitt & Barnes.

*V. H. Stark* and *George E. Holland,* for plaintiff in error.—A debt against a partnership can not be pleaded in setoff against the suit of one partner for uncertain damages founded on a tort. Sayles' Civ. Stat. (1897), art. 754; Duncan v. Magette, 25 Texas, 245.

When specially excepted to, a pleading is not definite, when it fails to itemize an account sued on, and a special exception because such account is not itemized will be sustained.

An account on a ledger, containing cash items, and items based

on special contract, not original entries, is not admissible in evidence. Smith v. Rentz, 131 N. Y., 174; Ballard v. McMillar, 25 S. W., 327.

*Adams & Huggins,* for defendants in error.—All matters connected with and incident to the main cause of action may be pleaded and adjudicated in the same controversy. Walcott v. Hendricks, 6 Texas, 418; Ward v. McKinney, 25 Texas, 257; Coleman v. Bunce, 37 Texas, 172; Bacon v. Loyd, 1 App. C. C. sec. 285; Britton v. Thrash, 1 App. C. C. sec. 1237.

The admission of a credit balance to be deducted from the face of a note sued upon is not subject to demurrer. Holman v. Criswell, 13 Texas, 37; Texas & P. Ry. Co. v. Bayless, 62 Texas, 573.

The account books of a party, made by his bookkeeper are admissable if the entries were made in the regular course of business and are verified by the oath of the bookkeeper who made them. Nugent v. Martin, 1 App. C. C., sec. 1176; Cahn v. Salinas, 2 App. C. C., sec. 615.

MR. JUSTICE BROWN delivered the opinion of the court.

Stark & Elliott entered into a contract whereby they agreed to deliver to Burkitt & Barnes upon the right of way of a railroad ties to the number of one hundred thousand at stated prices, according to the class of the ties, with the privilege to deliver another one hundred thousand if they so desired after the filling of the first contract. Stark & Elliott entered upon the performance of the contract and had ties to the number of about forty thousand upon the right of way when they found that they were not able to proceed with the contract without the advancement of money by Burkitt & Barnes, who, had, however, previously advanced something over $4,000.00 to them. In order to enable them to proceed with the contract a note was executed by Stark & Elliott for $5,000,00, payable to Burkitt & Barnes, which the latter agreed to enter to the credit of the makers of the note and to make advancements to the contractors for the payment for labor and other things necessary in the performance of their contract. After a lapse of some time Stark ceased to cooperate with Elliott in furnishing the ties.

Stark alleges that Elliott combined with Burkitt & Barnes to exclude him from participating in the contract and refused to allow him to take part in it, but the defendants claimed that Stark refused himself to take any part in the performance of the contract and abandoned it, whereupon Elliott endeavored to carry it out.

Stark brought this suit against the three, Elliott, Burkitt & Barnes, upon his theory of having been eliminated from the contract by their refusal to permit him to take part in its performance, which was submitted to the jury by the court and found against Stark. It is therefore unnecessary for us to pay any further attention to that phase of the case.

Burkitt & Barnes interposed a plea in which they set up the following defense:

"That although they never at any time obligated themselves to make said firm any advances for labor or for any other thing, and never

agreed to pay them any amount before the delivery of the ties, that they did, in fact, advance to said Stark & Elliott moneys during the time said ties were being made, and not only paid out to them large amounts upon the delivery of ties, but from time to time advanced them large sums of money with which to pay for labor and other expenses, and that they gave them proper credit and allowances for all ties received; and that said advances were made to said Stark & Elliott upon a promise and agreement to deliver to said defendants, Burkitt & Barnes, ties to a number and in an amount sufficient to reimburse them for said advances; that, having in the manner above set out, advanced to Stark & Elliott large sums of money with which to meet said labor bills and other expenses, the defendants, Burkitt & Barnes, on the 29th day of July, 1905, found that said firm of Stark & Elliott were indebted to them in the sum of $4,402.33, and it appearing on said day that large amounts would be required at once by the said Stark & Elliott to meet demands being made upon them incident to getting out ties the said Stark & Elliott executed their promissory note in writing, by which they promised to pay Burkitt & Barnes the amount therein set out, executed by each member of the said firm individually for the sum of Five Thousand Dollars ($5,000) payable to the order of the defendants, Burkitt & Barnes, bearing interest from maturity at the rate of three percent per annum, and due and payable October 29, after its date, and providing that ten percent additional on both principal and interest shall be added for attorney's fees if placed in the hands of an attorney for collection, which said note was at some time after its maturity placed in the hands of the attorney for these defendants for collection. And upon the same day the defendants, Burkitt & Barnes, accepted said note from the said Stark & Elliott, and gave them, the said Stark & Elliott, credit upon their books for same; and that said note, although long past due and often demanded of the said Stark & Elliott, the said Stark & Elliott have wholly failed and refused to pay the same or any part thereof, except as hereinafter set out. That after the execution and delivery of said note the said Stark & Elliott continued to receive advances from the defendants, Burkitt & Barnes, and deliver ties to the said Burkitt & Barnes credited by them upon the books of the said Burkitt & Barnes so that when the said Stark & Elliott finally ceased to receive advances from said Burkitt & Barnes and ceased to deliver ties to them said account showed a balance in favor of said Stark & Elliott amounting to the sum of $3,751.36, which is a just and proper offset upon said note hereinbefore described so that the balance now due upon said note, interest, attorney's fees, less the said sum of $3,751.36 is $2,173.45, in which sum said Stark & Elliott stand indebted to the said Burkitt & Barnes as evidenced by said note."

To that plea Stark filed a special exception upon the ground that the account set up as an offset against his claim and upon which a recovery was sought against him was not itemized by the plea, which exception the trial court overruled, which ruling was sustained by the Court of Civil Appeals. It was also claimed by Stark that the note, a liquidated demand, could not be pleaded in offset against his

claim for damages but the answer was in fact based upon and sought to recover the balance of the account for advances made and not on the note, therefore, the latter objection was not well taken.

The answer in this case was in the nature of a cross action to recover the balance of an account for advances made for Stark & Elliott and required the same allegations as would be necessary in a petition in a suit for the same purpose, that is, items constituting the account must be itemized. In no other way would the opposite party be notified of the facts upon which it is sought to make him liable. The court erred in overruling the special exception to the answer based upon the want of an itemized statement of the defendant's claim. East & W. T. Lumber Co. v. Barnwell, 78 Texas, 328.

Defendants offered the account books of Burkitt & Barnes in evidence, to which Stark's attorneys objected. The court admitted the books.

To authorize the introduction of book accounts in evidence it must be proved: (1) That the book or books contain original entries of transactions pertinent to the business in question. (2) It must appear that the entries were made in the regular course of business at or near to the time the transactions were had. (3) That the entries must be such as to indicate what the charge is for, that is, what the transaction was. (4) That the entries were made by one who was authorized to do so and that he did the acts so recorded himself, or that he made the record upon information derived from one who was authorized to do so. (5) That the transactions were regularly entered and that the books were correctly kept. 17 Cyc., p. 371, et seq.; Taylor v. Coleman, 20 Texas, 778; Ward v. Wheeler, 18 Texas, 264; Burnham v. Chandler, 15 Texas, 444; Bupp & Robbins v. O'Connor, 1 Texas Civ. App., 328. The evidence did not comply with these requirements.

The items embraced in the account offered in this case are so numerous that we can not undertake to examine them separately, but must leave the court at another trial to apply the rule of law above stated to the evidence that may then be adduced. We will, however, illustrate the rules we have expressed by pointing out some of the items which do not comply therewith. It appears from the evidence given by the bookkeeper that he entered the charges of shortage in the number of ties upon information given to him from the Creosote Works, but there is nothing in the evidence to show what relations the Creosote Works or any person engaged in those works bore to the business transacted between Stark & Elliott and Burkitt & Barnes. Neither does it appear that the information was given regularly from the Creosote Works or within a reasonable time after the shortage had been ascertained. It does not affirmatively appear that Burkitt & Barnes gave information to the bookkeeper at or near the time when they had the transactions which were reported for record. The entries of money paid to the court reporter and money paid to Holland & Holland do not indicate that the transactions had any connection with the tie business. We think that these suggestions may be sufficient guide for the court at another trial to make a proper application of the rules of law to the different items of account and

may assist the parties in presenting their evidence more fully than was done at the trial of this case.

For the error committed in overruling the exception to the answer and also in admitting the books as to items not properly established, the judgments of the District Court and Court of Civil Appeals must be reversed and the cause remanded.

*Reversed and remanded.*