## CALDWELL v. McGARVEY et al. (No. 91.)

(Court of Civil Appeals of Texas. Eastland. May 14, 1926. Rehearing Denied June 11, 1926.)

**1. Bills and notes ⬅537(6).**

In suit on notes pledged to bank as collateral security, whether plaintiff bank was holder in due course *held* for jury.

**2. Evidence ⬅590.**

In suit on notes pledged to bank as collateral security, jury was not bound to accept testimony of interested parties to effect that bank was holder in due course.

**3. Trial ⬅352(1)—Submitting issue whether plaintiff had proved that it had no notice of any infirmity in pledged notes sued on or defect in title of pledgor at time it came into possession, after court had previously instructed that burden was on plaintiff to prove affirmative of such issue, held erroneous (Negotiable Instruments Law, § 59 [Vernon's Ann. Civ. St. Supp. 1922, art. 6001—59]).**

In action on notes pledged to bank as collateral security, where fact to be ascertained was whether bank had notice, submitting issue whether bank had proved by evidence that it had no notice of any infirmity in notes or defect in title of pledgor at time it came into possession of notes, after court had previously instructed specifically that burden was upon plaintiff to prove affirmative of such issue as required by Negotiable Instruments Law, § 59 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—59), *held* erroneous.

**4. Appeal and error ⬅1062(2)—Refusal to submit issue whether plaintiff had notice of defect in notes held harmless, where jury found that plaintiff acquired notes in usual course for value before maturity (Negotiable Instruments Law, § 52 [Vernon's Ann. Civ. St. Supp. 1922, art. 6001—52]).**

In suit on notes pledged to bank as collateral security, refusal to submit issue whether plaintiff had notice of defect in notes *held* harmless, where jury found that plaintiff acquired notes in usual course of business for value before maturity, and absence of any evidence tending to cast suspicion on fairness of transaction, prima facie establishing plaintiff's position as holder in due course within Negotiable Instruments Law, § 52 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—52).

**5. Evidence ⬅179(1).**

In suit on notes pledged to bank as collateral security, secondary evidence as to contents of books of another bank which were beyond jurisdiction of court *held* admissible.

**6. Evidence ⬅181—Testimony as to contents of books beyond jurisdiction of court should not have been received in evidence without predicate that entries were made in due course of business and that books were correctly kept.**

In suit on notes pledged to bank as collateral security, testimony as to contents of books of another bank which were beyond jurisdiction of court should not have been received in evidence without a predicate that entries in such books were made in due course of business and that books were correctly kept.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by R. B. Caldwell, receiver for the First National Bank of Ranger, against John McGarvey and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Turner, Seaberry & Springer, of Eastland, for appellant.

Conner & McRae, of Eastland, for appellees.

PANNILL, C. J. Appellant Caldwell, as receiver for the First National Bank of Ranger, Tex., brought suit on certain notes executed by appellees. The notes were in legal effect payable to bearer, but were originally executed and delivered by appellees to one Nix and by said Nix pledged to said bank as collateral security. Appellees pleaded fraud in the transaction, wherein the notes were executed. Appellant replied that the said bank was a holder in due course.

The case was submitted to a jury upon special issues and a special verdict returned. The verdict established the fraud pleaded by appellees in the execution of the notes, and further that said notes were pledged to the bank as collateral security for a loan of said Nix, before maturity. And in that connec-

---

tion the following special issue was submitted:

"Has the First National Bank of Ranger proven by the evidence that it had no notice of any infirmity in the notes or defect in the title of A. Nix thereto, if any, at the time it came into possession of said notes?"

This was answered by the jury in the negative. The jury had previously been instructed specifically that the burden was upon the plaintiff to prove the affirmative of the issue just quoted.

Judgment was entered in favor of the defendants and this appeal prosecuted. No evidence was introduced tending to show that the bank, at the time it took the notes in question, had notice of any defect in Nix's title thereto. The vice president of the bank, who made the loan to Nix for which the notes in question were pledged as collateral, testified that he had no notice of any vice in said notes until the filing of this suit. Nix testified denying the fraud charged to him by appellees, and that he did not inform the bank that there was any infirmity in said notes. The remaining officers of the bank having authority to make loans likewise testified to want of knowledge of any defect in Nix's title. The transaction by which the notes were pledged to the bank as collateral was made in the regular course of business and free from suspicion. Hedrick, the vice president referred to, gave two depositions in the case. In the first he stated that he did not remember the transaction of making a loan to Nix and receiving the notes. In the second, he testified that since his first deposition was taken, his memory had been refreshed and that he had made the loan and received the notes and testified in substance as above quoted. On cross-examination, appellees proved by him that he had been indicted in the federal court for some irregularity in connection with his stewardship with the bank, not shown to have been connected with this transaction. However, this prosecution seems to have been dismissed. The above is deemed to be a sufficient statement to render intelligible the observations hereinafter made.

[1, 2] Appellant, with great emphasis, complains of the action of the court in refusing his request for peremptory instruction. The assignment presenting this matter must be overruled for the reason that at least Hedrick and Nix were interested witnesses, and the jury was not bound to accept their testimony in effect that the bank was a holder in due course. Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447. In that case the Supreme Court held that the uncontradicted testimony of the plaintiff showing that he was a holder in due course only raised an issue of fact to be submitted to the jury. It is true that the decisions as to the effect of uncontradicted testimony of an interested party are not entirely consistent. In a number of cases it has been held that a court or jury is not at liberty to disregard the uncontradicted testimony of an interested witness. Such declarations have been made both by the Supreme Courts and Courts of Civil Appeals. Felts v. Bell County, 103 Tex. 616, 132 S. W. 123; Herndon v. Vick, 18 Tex. Civ. App. 583, 45 S. W. 852; Hansen v. Williams et al. (Tex. Civ. App.) 113 S. W. 312; Hill v. Staats (Tex. Civ. App.) 187 S. W. 1039; Hamilton-Turner Grocery Co. v. Hander et al. (Tex. Civ. App.) 253 S. W. 833; Texas Life Insurance Co. v. Childress (Tex. Civ. App.) 204 S. W. 1035; Spurlock v. Zaring (Tex. Civ. App.) 270 S. W. 1099. The decision in Pope v. Beauchamp, supra, however, relates to the very question under consideration and is binding on this court.

[3] The submission of the special issue in the form as copied above was objected to by the plaintiff, on the ground that same emphasized and singled out the burden of proof resting upon plaintiff as to the question of notice after the jury had been previously instructed that the burden of proof was on plaintiff to show want of notice, and that the effect of submitting said issue in such form was to limit the jury's consideration to such evidence as the First National Bank should adduce on the trial, excluding from their consideration the testimony offered by the receiver or the defendants. The foregoing objections must be sustained.

Under any view, this issue should not have been submitted in the manner stated. The fact to be ascertained was whether the bank had notice, and the issue should have been submitted in the form requested by appellant. The materiality of this matter is apparent when it is considered that the answer to this issue is one of the main pillars supporting the judgment.

Prior to the adoption of the Negotiable Instruments Law, where it was shown that there was fraud in the inception of a negotiable instrument, a transferee in order to avoid such defense was required to prove that he obtained the paper before maturity, in good faith, and for a valuable consideration. When, however, such assignee did show that he had paid value in the usual course of business and the circumstances attending the transfer cast no suspicion upon the fairness of his intent, he was required to go no further, and it then devolved upon the defendant to show notice to the assignee in order to defeat a recovery. Prouty v. Musquiz, 94 Tex. 87, 58 S. W. 721, 996; Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447. Section 52 of the Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—1 to 6001—197) defines a "holder in due course" as one who has taken instrument under the following conditions: First, that it is complete and regular upon its face; second, that he became the holder of it be-

fore it was overdue and without notice that it had been previously dishonored, if such was the fact; third, that he took it for good faith and for value; fourth, that at the time it was negotiated to him, he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. Section 59 (article 6001—59) provides:

"When it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course." ·

[4] On the trial it was assumed that the articles referred to in effect recalled the decisions in Prouty v. Musquiz and Pope v. Beauchamp, supra. The plaintiff, after lodging the objections noted to the issue quoted above, requested the court to submit to the jury the issue as to whether the First National Bank of Ranger had notice of the defect in the notes pleaded by the defendants. The submission of the issue in the form requested by plaintiff was refused.

The finding of the jury in effect that the bank acquired the paper in question in usual course of business for value before maturity, and the absence of any evidence tending to cast suspicion upon the fairness of the transaction between Nix and the bank under the authorities cited, prima facie established its position as a holder in due course and rendered the issue copied above and the answer thereto immaterial.

It is our view that the Negotiable Instruments Act does not change the rule as declared in the cases of Prouty v. Musquiz and Pope v. Beauchamp, supra. The only accessible cases dealing with this question are American National Bank v. Lundy, 21 N. D. 167, 129 N. W. 99; German, etc., Bank v. Lewis, 9 Ala. App. 352, 63 So. 741; Somerall v. Citizens' Bank, 211 Ala. 630, 101 So. 429; Scandinavian American Bank v. Johnston, 63 Wash. 187, 115 P. 102—all holding that the rule as declared in Prouty v. Musquiz has not been changed by the passage of the Negotiable Instruments Act. It is true that there are some intimations to the contrary in Hill v. Dillon, 176 Mo. App. 192, 161 S. W. 881; Title Guarantee Co. v. Pam (Sup.) 155 N. Y. S. 333; Putnam v. Ensign Oil Co., 272 Pa. 301, 116 A. 285. In Ford v. Smith (Tex. Civ. App.) 274 S. W. 166, in discussing the effect of sections 52 and 59, Negotiable Instruments Law (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—52, 6001—59), the rule stated in Prouty v. Musquiz is quoted with approval. Subdivision 3 of section 52 requires that the holder should take the instrument in good faith and for value. Subdivision 4 requires that he must have no notice of the infirmity in the instrument. It does not appear that subdivision 4 added anything to the requirement of subdivision 3. If the holder took it in good faith, this would include an absence of notice; conversely, the presence of notice would destroy good faith. The conclusion has therefore been reached that sections 52 and 59 work no change in the rule as declared in Prouty v. Musquiz. These observations are made in view of another trial.

It was certainly not intended by the Legislature that a jury could find against the holders claim of "due course," by arbitrarily stating that the plaintiff had failed to prove want of notice, where there is no evidence that the holder had notice, and the jury finds facts showing prima facie that the plaintiff is a "holder in due course."

The jury in this case could reject the testimony of plaintiff's witnesses, tending to show that the bank was a holder in due course, but having accepted that testimony, there must follow a finding that the holder had notice in order to defeat a recovery.

[5, 6] Complaint is further made that testimony as to the contents of the books of the Citizens' National Bank of Longview were received in evidence without a predicate that the entries in said books were made in due course of business and that the books were correctly kept. The books were beyond the jurisdiction of the court, and secondary evidence as to the contents of said books was therefore admissible; but, if the books had been brought into court, the entries therein could not have been introduced without the necessary predicate. The requirements of such a predicate are concisely stated by the Supreme Court in the case of Stark v. Burkitt, 103 Tex. 437, 129 S. W. 343. It is believed that the same predicate for the introduction of secondary evidence as to the contents of said books is required as would have been requisite had the books been offered.

For the reasons indicated, the judgment of the trial court is reversed and the cause remanded.

LITTLER, J., absent.