## READ v. GLIDDEN STORES CO. et al.*
### (No. 1989.)

Court of Civil Appeals of Texas. El Paso.
March 17, 1927.

Rehearing Denied April 7, 1927.

**1. Appeal and error ⊗⟹745—Case cannot be reversed for error not assigned in trial court, unless record shows error in law or fundamental error.**

Court of Civil Appeals cannot reverse case on error not assigned in trial court, unless it is an error in law, or fundamental error apparent on face of record.

**2. Appeal and error ⊗⟹745—Rule that case cannot be reversed for error not assigned unless record shows fundamental error is imperative.**

Though Court of Appeals generally considers on merits all questions presented in appellant's brief, if possible, rule that it cannot reverse case for error not assigned unless record shows fundamental error is imperative and cannot be disregarded.

**3. Appeal and error ⊗⟹745—Insufficiency of evidence to show value of materials for separate liens was not fundamental error, and where not assigned could not be reviewed on appeal.**

In action involving validity of liens of materialmen, alleged error in judgment for lienholders that evidence was insufficient to show with requisite certainty, value of materials used in separate houses was not fundamental error, and since determination thereof required examination of statement of facts, it could not be considered on appeal, where not assigned in trial court.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Separate suits by John C. Read against the Glidden Stores Company and others, in which

---

⊗⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes-
*Writ of error refused May 25, 1927.

defendants filed cross-actions, consolidated for trial. From the judgment, plaintiff appeals. Affirmed.

Burgess, Owsley, Storey & Stewart, of Dallas, for appellant.

Wilson & Biggers, Dabney Goggans & Ritchie, and Burgess, Burgess, Chrestman & Brundige, all of Dallas, for appellees.

HIGGINS, J. J. V. Lincoln owned lots 1 to 7, both inclusive, in block 1, Kessler Highlands addition in Dallas. He built a house upon each lot, buying material therefor from appellees Glidden Stores Company and Truscon Laboratories, who filed statutory materialmen's liens. Thereafter the lots were conveyed to appellant, Read, who filed seven separate suits against appellees and others in trespass to try title. Each suit was for a different lot. Appellees filed cross-actions seeking foreclosure of their liens. The validity of the liens was the question at issue. The cases were consolidated and tried as one without a jury. Judgment was rendered as follows: That Read take nothing; in favor of the Glidden Stores Company against Lincoln for the amount of its debt, with interest; in favor of the Truscon Laboratories against Lincoln for the amount of its debt with interest. The appellees also obtained judgment establishing and foreclosing their asserted liens against the lots. The liens were not established and foreclosed against all of the lots for the full amounts of appellees' debts, but in different amounts against each lot. The lien in favor of the Glidden Stores Company was established as follows: Against lot 1 for $80.83; against lot 2 for $138.96; against lot 3 for $68.81; against lot 4 for $56.-28; against lot 5 for $192.07; against lot 6 for $135.72; against lot 7 for $221.06.

The lien in favor of the Truscon Laboratories was established as follows: For $33.-33 against each of lots 1, 2, 3, and 4, and for $64.33 against each of lots 5, 6, and 7.

The lots were ordered sold separately, the proceeds applied to the payment of the amount of the liens established against each lot, and the balance, if any, paid to Read.

Findings and conclusions were not filed by the trial court. No motion for new trial was made, nor were independent assignments filed below.

Appellees object to the consideration of the propositions submitted in appellant's brief because no error was assigned in the court below and no fundamental error apparent here.

[1] The Court of Civil Appeals is without authority to reverse a case upon an error not assigned in the court below, unless it is an error in law apparent upon the face of the record or, as it is commonly called, fundamental error. This rule is imperative, and the Court of Civil Appeals cannot disregard it. It has been twice so held by the Commission of Appeals. Roberson v. Hughes, 231 S. W. 735; Waggoner's Estate v. Sigler, etc., 284 S. W. 921.

[2] It is the practice of this court to consider upon their merits all questions presented in the appellant's brief, if possible so to do. But we are not at liberty to disregard rules which are imperative and which do not permit the exercise of any discretion upon our part. In accordance with our practice we would be glad to consider this appeal upon its merits, but under the authorities cited we are not at liberty so to do unless there is fundamental error presented.

[3] The proposition upon which appellant relies is that the evidence is insufficient to show with the requisite certainty the value of the material used in each separate house so as to support the lien established against each house. To determine this question it would be necessary to carefully examine and scrutinize the statement of facts to ascertain the value of the material used in the construction of the seven different houses and see if it corresponded with the amounts severally established against the different buildings. Such an error cannot be treated as fundamental. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85; Waggoner's Estate v. Sigler, etc. (Tex. Com. App.) 284 S. W. 921; Ford & Damon v. Flewellen (Tex. Com. App.) 276 S. W. 903.

No error being assigned in the court below and none appearing of a fundamental nature, the judgment must be affirmed.

Affirmed.