FARMERS' STATE BANK OF BURKBURNETT v. McREYNOLDS et al.
(No. 2896.)

Court of Civil Appeals of Texas. Amarillo.
Dec. 7, 1927.

1. Appeal and error ⬅️759—On appellant's failure to bring forward in its brief any assignment of error, appellate court will consider only fundamental error.

Where appellant fails to bring forward in its brief any assignment of error challenging action of trial court, appellate court will refuse to consider assignments of error filed in trial court which appear in transcript, notwithstanding failure of appellee to move to strike out appellant's brief, and only fundamental error apparent of record will be considered.

2. Municipal corporations ⬅️519(6)—Lien of special assessment held prior to lien of trust deed given before city's adoption of statute authorizing assessment lien (Rev. St. 1911, arts. 1006–1017; Rev. St. 1925, art. 1090).

Action of court in awarding priority to holder of certificate of special assessment for paving, as against lien of trust deed executed before assessment lien was created and before adoption by city of provisions of Rev. St. 1911, arts. 1006–1017, authorizing creation of such liens, held not error, inasmuch as assessment liens are prior to liens placed on property by owner under Rev. St. 1925, art. 1090.

3. Constitutional law ⬅️300—Municipal corporations ⬅️519(6)—Statute making assessment liens superior to other liens held not unconstitutional as denial of due process (Rev. St. 1925, art. 1090; Const. Tex. art. I, § 19; Const. U. S. Amend. 14).

Rev. St. 1925, art. 1090, in so far as it provides for lien on property for unpaid special as-

sessments superior to all other liens and claims against property, *held* not in violation of due process clauses of State and Federal Constitutions (Const. Tex. art. 1, § 19; Const. U. S. Amend. 14).

**4. Municipal corporations ⬤⟾572—Assessment certificate holder granted priority on intervention in suit to foreclose trust deed held entitled to allowance for attorney's fees (Rev. St. 1925, art. 1090).**

In suit to foreclose lien of trust deed in which holder of certificate of special assessment intervened and was granted priority, allowance to certificate holder of reasonable attorney's fees provided for by certificate *held* not error under Rev. St. 1925, art. 1090.

Error from District Court, Wichita County; W. W. Cook, Judge.

Suit by the Farmers' State Bank of Burkburnett against G. W. McReynolds and another, in which V. W. Mills and another intervened. Judgment allowing interveners priority of lien as to property covered by plaintiff's trust deed, and plaintiff brings error. Affirmed.

R. S. Ragsdale, of Burkburnett, for plaintiff in error.

Ewing Clagett, of Wichita Falls, for defendants in error.

JACKSON, J. The plaintiff, the Farmers' State Bank of Burkburnett, Tex., instituted this suit in the District Court of Wichita county, Tex., against the defendants, G. W. McReynolds and S. T. Hodges, Sr., on a promissory note in the sum of $500, executed by the defendants, dated June 16, 1924, and payable to the plaintiff six months after date, bearing interest at the rate of 10 per cent. per annum, and containing the usual stipulation as to attorney's fees. The note was secured by a deed of trust lien against lot 16, in block 28, of the town of Burkburnett, Tex., and the plaintiff asked judgment for its debt and foreclosure of its lien.

V. W. Mills and the Land & Title Trust Company, by permission of the court, intervened in the suit and alleged that they were the owners of a certificate of special assessment, amounting to the sum of $97.08, against the above-described property, and which provided for reasonable *attorney's fees and cost of collection,* if incurred, all of which was secured by a first and paramount lien upon said property, superior to all other liens and claims except state, county, and municipal taxes.

The plaintiff sufficiently pleaded in its petition facts authorizing a recovery on its note and a foreclosure of its lien.

The interveners, in their plea of intervention, alleged all the facts necessary to authorize them to recover their debt, evidenced by the certificate of assessment and to foreclose the lien alleged to have been regularly created by proper procedure under the statute for creating said lien for the improvement of said lot.

G. W. McReynolds and S. T. Hodges, who executed the note and deed of trust, defaulted, and judgment was rendered for the plaintiff for its debt and the foreclosure if its lien, and also in favor of interveners for their debt, including attorney's fees, and the foreclosure of their lien; the court decreeing that plaintiff's lien be foreclosed, subject to the lien of interveners, which he held was a first and prior lien against the property.

The plaintiff, hereafter called appellant, by writ of error, seeks to have this court review the action of the trial court in holding that the paving lien of the interveners, hereafter called appellee, was a first and superior lien to the deed of trust lien held by the appellant.

We held in the original opinion that we were without discretion to review the action of the trial court, because the appellant had failed to bring forward in its brief any assignment of error, challenging the action of the trial court. This holding was based on the opinion in the case of Clonts et al. v. Johnson, 294 S. W. 846, in which the Supreme Court, in answer to a certified question, uses the following language:

"Where an appellant or plaintiff in error wholly fails to copy any assignments of error in his brief, the Court of Civil Appeals should confine its consideration of the case to those fundamental errors apparent on the face of the record. Its authority to revise the action of the lower court is limited to those questions (not fundamental) duly assigned as error, and it has no discretion, even though it thinks the ends of justice require such course, to substitute a method of its own for reviewing the judgment of the lower court for that method prescribed by the lawmaking power. While it is not necessary that the assignments required to be filed below should be literally copied into the brief, yet they must be at least substantially reproduced. Rule 32, Court of Civil Appeals, and rule 101a, district and county courts; Seby v. Craven Lumber Co. (Tex. Civ. App.) 259 S. W. 1093; Equipment Co. v. Luse (Tex. Civ. App.) 250 S. W. 1104; Green v. Shamburger (Tex. Civ. App.) 243 S. W. 601; Carey v. Tex. Pac. Coal & Oil Co. (Tex. Civ. App.) 237 S. W. 309; Green v. Hall (Tex. Com. App.) 228 S. W. 183. There is a substantial difference between an assignment of error and a proposition submitted thereunder. The one complains of some action of the court, and the other merely sets forth the reasons why such action is erroneous. It takes the assignment to reach the ruling, and it is the ruling that is to be reviewed by the appellate court. Roberson v. Hughes (Tex. Com. App.) 231 S. W. 734; McDaniel v. Turner (Tex. Civ. App.) 269 S. W. 496; International, etc., Ass'n v. Griffing (Tex. Civ. App.) 264 S. W. 263; Ford v. Flewellen (Tex. Civ. App.) 264 S. W. 602; Chenault v. Honaker (Tex. Civ. App.) 261 S. W. 825."

[1] The appellant, in his motion for rehearing, assails as error the action of this court in refusing to consider the assignments of error filed in the trial court which appear in the transcript, in the absence of any motion made by appellee to strike out its brief for failing to contain its assignments of error. In our opinion, the above authority is decisive against appellant on this proposition.

The appellant has made no motion to be permitted to amend its briefs or to file a supplemental brief containing assignments of error, but urges in its motion for rehearing fundamental error apparent of record. In the agreed statement of facts filed, it is conceded that the appellant's deed of trust evidences a valid and subsisting lien against the property, and that the certificate of special assessment held by the appellee constituted a valid and subsisting lien against the property, having been regularly created by the city of Burkburnett, a municipal corporation, which had, on the 17th day of November, 1923, by an election duly held, adopted the general provisions of chapter 11, title 22, of the Revised Statutes of the State of Texas for 1911; that on the 14th day of May, 1924, there was regularly levied and assessed a special assessment amounting to the sum of $97.08, payable in installments and providing for 8 per cent. interest per annum, and that default in the payment of any of said installments matured the certificate and authorized the holder thereof to collect interest, together with a reasonable attorney's fee and costs of collection if incurred, and that such action by the city created a valid paving lien. It will be noted that the deed of trust held by appellant, creating the lien on the property described, was executed on the 4th day of February, 1922, and that the lien securing the payment for the paving was created by the city of Burkburnett on the 14th day of May, 1924.

[2] The appellant contends that inasmuch as its lien was created prior to the adoption of the provisions of chapter 11, title 22, by the city of Burkburnett, which authorized the creation of appellee's lien by the city, under the procedure followed in this case, fundamental error appears of record. This, in our opinion, presents neither fundamental nor reversible error.

"Special tax or assessment liens are frequently made superior to all liens which the owner places on the property, whether placed before or after such liens attach." McQuillin, Municipal Corporations, vol. 5, par. 2110.

"Statutes giving priority to assessment liens over other liens existing at the time of the passage of the statute have been sustained and declared not to impair the obligation of the mortgage contract and not to violate the Fourteenth Amendment of the Federal Constitution. The United States Supreme Court has declared that it is 'not prepared to say that a legislative act giving preference to such local liens even over those already created by a mortgage judgment or attachment would be repugnant to the Constitution of the United States.'" McQuillin, supra.

In support of this text, the author cites Storrie v. Houston City Str. Co., 92 Tex. 129, 46 S. W. 796, 44 L. R. A. 716; German Savings & Loan Soc. v. Ramish et al., 138 Cal. 120, 69 P. 89, 70 P. 1067; Murphy v. Beard, 138 Ind. 560, 38 N. E. 33; Com'rs of Sinking Fund v. Linden Tp., 40 N. J. Eq. 27; Provident Inst. for Savings v. Jersey City, 113 U. S. 506, 5 S. Ct. 612, 28 L. Ed. 1102. See, also, Texas Bank & Trust Co., of Beaumont, v. Smith et al., 108 Tex. 265, 192 S. W. 533, 2 A. L. R. 771; Daniel P. Baldwin v. Matthew Moroney, 173 Ind. 574, 91 N. E. 3, 30 L. R. A. (N. S.) 761, and notes.

[3] Appellant also contends that article 1090 (Rev. St. 1925), in so far as it provides for a lien superior to all other liens and claims against the property, is in violation of the due process clauses of our state (art. 1, § 19) and federal (Amend. 14) constitutions, and therefore this question presents fundamental error. The above authorities are conclusive against appellant on the authority of the Legislature to create a lien superior to contract liens against the property.

[4] Appellant also urges in his motion for rehearing, as fundamental error, the action of the court in allowing the appellee to recover attorney's fees under the statute. This proposition has also been determined against appellant. Sullivan v. Roach-Manigan Paving Co. (Tex. Civ App.) 220 S. W. 445; Keller v. Paving Co. (Tex. Civ. App.) 218 S. W. 1077; Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631; Article 1090, Revised Civil Statutes 1925, provides that "the ordinance making such assessment shall provide for the collection thereof, with costs and reasonable attorney's fees, if incurred." The testimony in this case shows that the attorney's fees allowed were reasonable.

The assignments urged by appellant in its motion for rehearing as fundamental error are those presented in its assignments which appear in the transcript, and in our opinion, if such assignments had been brought forward in the brief, none of them presents reversible error.

The original opinion is withdrawn, the motion for rehearing overruled, and the judgment of the trial court affirmed.