READ et ux. v. BERGFELD.   (No. 2293.)

Court of Civil Appeals of Texas.   El Paso.
May 9, 1929.

John B. Littler and John W. Hill, both of Big Spring, for appellants.

Brooks & Woodward, of Big Spring, for appellee.

HIGGINS, J.   This is an action in trespass to try title, tried without a jury, resulting in judgment in favor of the plaintiff.

The appeal was submitted in this court without briefs or argument by either side, the parties having filed in this court, shortly before submission, a stipulation signed by their counsel which reads: "Now comes the appellant and the appellee in the above styled and numbered cause, and not intending to waive a hearing by the court, or to abandon the appeal of either party, and believing that the matters to be considered by the court are so simple as to need no brief for either party, they agree and pray the court that the case be submitted on the Record, and considered by the court without brief from either party."

■The effect of this stipulation is to request this court to function in this case as a trial court; to assume original jurisdiction and try the case upon the issues of law and fact presented by the record. This court does not possess such jurisdiction and authority.

In its consideration of appeals it is limited to fundamental errors disclosed by the record and those errors which have been duly assigned in the court below and carried forward in the brief of the complaining party.

■ In cases briefed by the appellant it has been several times recently held by the Commission of Appeals that the Courts of Civil Appeals are without authority to reverse a case upon an error which has not been presented in the brief by proper assignment, unless the error be one apparent on the face of the record or as it is commonly termed "fundamental error." Blackmon v. Trail (Tex. Com. App.) 12 S.W.(2d) 967; Clonts v. Johnson (Tex. Com. App.) 294 S. W. 844; Greenwall v. Ligon (Tex. Com. App.) 14 S.W.(2d) 829. See, also, Farmers' State Bank v. McReynolds (Tex. Civ. App.) 1 S.W.(2d) 322, and Patton v. Mitchell (Tex. Civ. App.) 13 S.W. (2d) 146.

In the absence of briefs and no excuse appearing for the failure to brief, this court is thus limited to the consideration of fundamental error.

■ We might, with propriety, decline to inspect this record even to ascertain whether fundamental error appears, and dismiss the appeal (Haynes v. J. M. Radford Grocery Co. (Tex. Com. App.) 14 S.W.(2d) 811); but whether we make such inspection rests in our discretion.

In the exercise of such discretion the record has been examined. No error fundamental in its nature appears. The judgment is therefore affirmed.