**DEVLIN et al. v. HEID BROS., Inc.**
(No. 2359.)

Court of Civil Appeals of Texas. El Paso. Oct. 3, 1929.

Rehearing Denied Nov. 14, 1929.

Williams & Jackson and Hart Johnson, all of Ft. Stockton, and Roy Jackson, of El Paso, for appellants.

R. D. Blaydes, of Ft. Stockton, and J. E. Quaid and Jos. U. Sweeney, both of El Paso, for appellee.

HIGGINS, J. ■ The only question presented in appellants' brief relates to the court's action in admitting certain evidence over objection. The alleged error was duly assigned in the lower court, but the assignment is not carried forward in the appellants' brief. As a purported assignment of error there appears in the brief the bill of exception taken to the admission of the evidence. Such bill is, of course, not an assignment of error.

■ The Commission of Appeals has twice recently held the Court of Civil Appeals cannot consider an error, unless it is fundamental or raised by assignment of error presented in the brief. Greenwall v. Ligon, 14 S.W.(2d) 829; Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844. This rule of practice is imperative, and this court is not at liberty to disregard it. Bank v. Campbell (Tex. Civ. App.) 18 S.W.(2d) 732; Read v. Bergfeld (Tex. Civ. App.) 17 S.W.(2d) 167; Patton v. Mitchell (Tex. Civ. App.) 13 S.W.(2d) 146; Bank v. McReynolds (Tex. Civ. App.) 1 S.W.(2d) 322.

It is not the practice of this court to decline consideration of questions presented simply because the rules of briefing have not been strictly observed. Our position in that respect has been several times stated. But we are not at liberty to disregard imperative rules of practice (Read v. Glidden Stores [Tex. Civ. App.] 293 S. W. 243), and under the ruling of the Commission of Appeals in the cases cited we have no discretion in the present instance.

No fundamental error appearing, the judgment must be affirmed. It is so ordered.

On Rehearing and Motion for Leave to Amend Brief.

In the exercise of the discretion vested in such cases (rule 40, 111 Tex. xxix, 230 S. W. viii), and in keeping with the practice of this court of considering upon their merits all questions presented, when it may properly be done, appellants' motion for leave to amend brief has heretofore been granted. The defect in the brief having been corrected, the appeal now will be considered upon its merits.

The suit is by Heid Bros., Inc., to recover a balance of $579, alleged to be due by appellants upon open account for goods, wares, and merchandise sold and delivered and cash advanced during the years 1925–1926. Verdict was returned, and judgment rendered in favor of the plaintiff for the amount sued for.

■ In support of the account appellee offered in evidence four original pages of its ledger, showing a balance due as alleged. No other books were offered. The first item upon the ledger sheets so offered is as follows: "July 1 Balance O L 2379.38." Appellee's witness Cates, a public accountant, testified that in 1925 he audited appellee's books and opened up a new set of books, and that the above was the balance which he transferred from the old ledger. The bookkeeper who kept the books prior to the audit did not testify, nor was it otherwise shown that the new or the old set of books were correctly kept.

Over objection the ledger sheets were admitted in evidence, and error is here assigned to such action. The ledger sheets were not taken from a book of original entry, and do not meet any of the requirements laid down by Judge Brown in Stark v. Burkitt, 103 Tex. 437, 129 S. W. 343, as a prerequisite to admissibility. See, also, Radford Grocery Co. v. Porter (Tex. Civ. App.) 17 S.W.(2d) 147; Warren v. American Car Co. (Tex. Civ. App.) 294 S. W. 301.

Particularly objectionable is the above item of $2,379.38. The admission of the ledger sheets is the only error assigned. This is well taken, and necessitates reversal.

In appellee's brief it is argued there is evidence to show assent by appellants to the correctness of the balance sued for. However, the plaintiff's suit is not based upon an account stated. It is simply upon open account, and the burden rests upon appellee to show by competent evidence the correctness of the account and balance sued for.

The motion for rehearing is granted. The judgment is reversed, and cause remanded for retrial.