### DEVLIN et al. v. HEID BROS, Inc.
### No. 2627.

Court of Civil Appeals of Texas. El Paso.
Feb. 18, 1932.

Rehearing Denied March 10, 1932.

W. C. Jackson, of Ft. Stockton, for appellants.

R. D. Blaydes, of Ft. Stockton, and Jos. U. Sweeney and J. E. Quaid, both of El Paso, for appellee.

PELPHREY, C. J.

This suit was brought in the district court of Pecos county, Tex., December 5, 1927, by appellee, against C. J. Devlin and Mary A. J. Devlin, to recover the sum of $579 and interest thereon from November 1, 1926. The amount sought to be recovered was alleged to be a balance due on an open account for farming implements and tools furnished and money advanced to C. J. Devlin and Mary A. J. Devlin during the years 1924, 1925, and 1926. A verdict was instructed in favor of Mary A. J. Devlin in the former case, but judgment rendered against C. J. Devlin. He perfected an appeal to this court, and the judgment was reversed, and the cause remanded. Devlin et al. v. Heid Bros., Inc., 21 S.W.(2d) 746.

The present trial was before the court and resulted in a judgment for appellee for $579 and $145 interest, making a total of $724, and C. J. Devlin has again appealed.

At the request of Devlin the trial court filed the following findings of fact and conclusions of law:

"Findings of Fact.

"1. I find that during the year 1924 there was opened between the plaintiff and the defendant C. J. Devlin, a running account which continued through the year 1925, and the greater part of 1926; that during such times plaintiff bought from defendant certain farm products of the defendant, and the defendant received from the plaintiff certain advances of money and bought from it farm implements, tools, supplies, seed, etc.

"2. That the books covering the account between plaintiff and defendant prior to July 1, 1925, and for a time subsequent thereto, were kept by M. H. Gehlen, the bookkeeper for plaintiff, under the direction of its manager, B. M. Baldwin, and correctly kept, and the entries made from the original tickets covering the several transactions from time to time; that the bookkeeper Gehlen is dead and his testimony not available for the purpose of this case.

"3. That on or about and just prior to July 1, 1925, plaintiff's books covering their accounts and including that of defendant, were audited by a public accountant, and a new set of books opened, and on such new book an item charged as of July 1, 1925, of $2,379.38, represents the amount due at that time, and the status of defendant's account with plaintiff as brought forward from the old books, and which was checked by the auditor from the old books and the original tickets covering the several items making up the account theretofore kept in what is known, as the old books; that subsequent to the opening of the new books, the old books were destroyed by fire, together with the original tickets; that the account and records kept and introduced is the best available proof of the status of the defendant's account and the same correctly reflects the status thereof.

"4. That there is due plaintiff by defendant a balance of $579.00 principal.

"Conclusions of Law.

"I conclude, therefore, that the law requires plaintiff to produce only the proof that is available to it at the time of trial, and that the evidence introduced is the best evidence and the only evidence of the true status of the defendant's account with plaintiff, and that it is entitled to recover the principal sum of $579.00."

Appellee has filed a motion to dismiss the appeal and to strike out the transcript filed by appellant.

It asks that the transcript be stricken because the seal of the court is not attached. This motion, having been filed more than thirty days after the filing of the transcript, comes too late. Rule 8 for the Court of Civil Appeals.

Appellee in its motion asserts that more than ninety days had elapsed between the date of the filing of the appeal bond and the filing of the transcript in this court. This assertion does not appear to be borne out by the record.

The appeal bond appears to have been filed, and it is so stated in appellee's motion, on April 17, 1931, and the record, as well as appellee's motion, shows that the transcript was filed here on July 13, 1931. It was therefore filed within the ninety days.

The motion must be overruled.

On the former appeal, this court, speaking through Justice Higgins, held that the ledger sheets were improperly admitted in evidence, and for that reason the judgment was reversed and the cause remanded. Justice Higgins, in discussing the question of the admissibility of the ledger sheets, said:

"In support of the account appellee offered in evidence four original pages of its ledger, showing a balance due as alleged. No other books were offered. The first item upon the ledger sheets so offered is as follows: 'July 1 Balance O. L. $2379.38.' Appellee's witness Cates, a public accountant, testified that in 1925 he audited appellee's books and opened up a new set of books, and that the above was the balance which he transferred from the old ledger. The bookkeeper who kept

the books prior to the audit did not testify, nor was it otherwise shown that the new or the old set of books were correctly kept.

"Over objection the ledger sheets were admitted in evidence, and error is here assigned to such action.

"The ledger sheets were not taken from a book of original entry, and do not meet any of the requirements laid down by Judge Brown in Stark v. Burkitt, 103 Tex. 437, 129 S. W. 343, as a prerequisite to admissibility. See, also, Radford Grocery Co. v. Porter (Tex. Civ. App.) 17 S.W.(2d) 147; Warren v. American Car Co. (Tex. Civ. App.) 294 S. W. 301."

Appellant now contends that, there being no material difference between evidence here and that on the former trial, our decision is the law of the case, and binding on all parties.

We cannot agree that there is no material difference between the testimony then and now. In addition to the testimony offered on the other trial, appellee, on this trial, offered the following deposition of B. M. Baldwin, who was manager for appellee during the year 1925, and up to October 15, 1926. His deposition with reference to the ledger sheets attached to his prior deposition, reads:

"The entries were made on same about the time the transactions were made. I know Mr. Gehlen was authorized to make these entries. I could not say as a certainty that they were regularly entered; I suppose they were; at times I was away from the office for thirty days. So far as I know, the ledger sheet accounts and books were regularly and correctly kept. M. H. Gehlen, the bookkeeper, is dead. On the ledger sheet of C. J. Devlin and El San Pedro Ranch, the first item thereon appears as follows: '1925 July 1, Balance O. L. $2379.38.' By the letters O. L. is meant 'Old Ledger'. The old ledger referred to was burned in the fire when the warehouse of Heid Bros. Inc. burned, burning their office. I know it was burned, because none of the old records were kept in the safe; all records were burned that were not in the safe at the time of the fire. The old day books and journals were burned in the fire. I do not know what became of the new day book and journal after they were delivered to Heid Bros.

"I checked over the ledger account as it stood in the old ledger prior to the time of the transfer into the general ledger, and the same was approved by the auditor. It was correctly entered and the account was and is correct as noted in exhibits heretofore shown me on a former deposition. I kept the old ledger account. The fire that burned the warehouse and office of Heid Bros. Inc., occurred about the 7th or 8th of October, 1926, and the warehouse and offices of Heid Bros.

Inc. were completely destroyed by fire at that time. The scale and entry tickets were destroyed to my best recollection. So far as I know the ledger sheets which I have formerly testified about and which were attached to my former deposition, are all the record evidence of the Devlin account saved from the fire."

To cross-interrogatories he answered: "All books in use at the time of the fire, and which were kept in the safe, were saved. The old books were burned. I know of my own knowledge that the old ledger referred to in Direct Interrogatories were burned. I do not have recollection of the particular items that went to make up the balance of $2379.38. There was an old ledger kept by Heid Bros. Inc., before the one was started to which you refer. The sheets exhibited to me were in the handwriting of M. W. Gehlen. I do not know whether or not any of the books turned over by me to Heid Bros. Inc. at Fort Stockton were removed or what became of them after that. This was after the fire and I turned over the books saved from the fire to Heid Brothers. None of the ledgers and books were moved from the Fort Stockton office prior to the fire. I do not remember the items that made up the C. J. Devlin or El San Pedro Ranch account. I could not state the particular items of the account at any particular time unless I had the books and ledger sheets of which you speak to refresh my memory."

This testimony is, in our opinion, materially different from that offered by this witness on the former trial. The witness here accounts for the absence of the books of original entry and also shows why the bookkeeper was not used to prove up the items. After testifying that the bookkeeper was dead, the witness said: "I checked over the ledger account as it stood in the old ledger, and the same was approved by the auditor. It was correctly entered and the account was and is correct as noted in exhibits heretofore shown me on a former deposition. I kept the old ledger account."

Appellants' bill of exception No. 4 reads: "Be it remembered, that on the trial of this case, it being a suit by plaintiff to recover on an open account and not on a stated account, the plaintiff offered and was offering in evidence itemized account and the four ledger leaves testified in regard to by B. M. Baldwin. The defendant objected to the introduction of all evidence of the account sued on, and all book entries to same for the reason that the account had not been properly proved up, and was not properly itemized and was not such an account as could be introduced in evidence by the plaintiff against the defendant, and defendant asks that the same be not considered as evidence by the court. * * *"

The court's action in admitting the account and ledger sheets is assigned as error as follows:

"The court erred in permitting to be introduced on the trial of this case any and all evidence of the account sued on and all book entries to same and in considering such evidence in the trial of the case.

" '(a) Because the account was not properly proved up.

" '(b) Because the account was not properly itemized.

" '(c) Because the account and the evidence of the same could not be introduced by the plaintiff against the defendant for the reasons above stated.' "

With the exception of the balance of $2,-379.38, there is nothing in the record to show that the day book and journal in which the original items set forth on the ledger sheets are not available. In fact, the testimony of the witness Baldwin is to the effect that they were turned over to Heid Bros., Inc. by him, and that he knows nothing of their whereabouts thereafter.

 Ledger sheets are not admissible in evidence, in the absence of an accounting for the absence of the books of original entry. Pohl et al. v. Bradford & Rowe Bros. (Tex. Civ. App.) 25 S. W. 984; Scruggs v. E. L. Woodley Lumber Co. (Tex. Civ. App.) 179 S. W. 897; Johnson et ux. v. Cox (Tex. Civ. App.) 270 S. W. 892; 10 R. C. L. § 381.

In Stark v. Burkitt, 103 Tex. 437, 129 S. W. 343, 344, our Supreme Court laid down the following rules as to the introduction of book accounts:

"(1) That the book or books contain original entries of transactions pertinent to the business in question.

"(2) It must appear that the entries were made in the regular course of business at or near to the time the transactions were had.

"(3) That the entries must be such as to indicate what the charge is for; that is, what the transaction was.

"(4) That the entries were made by one who was authorized to do so, and that he did the acts so recorded himself, or that he made the record upon information derived from one who was authorized to do so.

"(5) That the transactions were regularly entered, and that the books were correctly kept."

It is clear that none of the entries on the ledger sheets meet the first requirements and that many of them fail to meet the others. We do not hold that ledger entries would not under any circumstances be admissible, but, where the books of original entry are unaccounted for, we think it clear that they cannot be admitted, and especially would this be true when the entries fail to meet the requirements the law provides.

 Appellee objects to the consideration of appellant's assignments because they were not filed in the trial court before the transcript was taken out by appellant, as provided in article 1844, Revised Statutes.

Chapter 75, of the Acts of the Forty-Second Legislature (Vernon's Ann. Civ. St. art. 1844), provides that assignments of error may be presented in the brief instead of the record and repealed article 1844.

This act became effective on August 22, 1931, after the transcript had been filed in this court. Where a new statute deals only with procedure, prima facie, it applies to all actions, those which have accrued or are pending, and future actions. 25 R. C. L. p. 791, § 38; Texas Refining Co. v. Alexander (Tex. Civ. App.) 202 S. W. 131; Odenthal v. State, 106 Tex. Cr. R. 1, 290 S. W. 743.

Appellee's objection must therefore be overruled.

The judgment is reversed, and the cause remanded.