## MIDLAND NAT. BANK v. CAMPBELL.
### (No. 2301.)

Court of Civil Appeals of Texas. · El Paso. June 13, 1929.

Sam K. Wasaff and B. Frank Haag, both of Midland, Chas. Gibbs, of San Angelo, and John B. Howard, of El Paso, for plaintiff in error.

J. M. Caldwell, of Midland, and W. H. Lipscomb, of Fort Worth, for defendant in error.

HIGGINS, J. Upon the threshold of this case we are called upon to pass upon two motions filed by defendant in error, viz.:

1. To strike out or refuse to consider the transcript because it was not prepared in accordance with the rules.

2. To strike out the statement of facts because it was filed too late in the court below.

When the motion first mentioned was submitted, leave was granted the plaintiff in error to withdraw the transcript for the purpose of having the same corrected by the clerk of the court below. It was withdrawn and later returned with the necessary corrections. The first motion is therefore overruled.

As to the second motion the pertinent facts are as follows:

■ The case was tried at the term beginning October 8, 1928, ending October 13, 1928. The judgment was rendered October 9, 1928, and granted 90 days from that date in which to file statement of facts and bills of exception.

On February 9, 1929, application for writ of error and bond were filed. Citation in error was served February 12, 1929. The statement of facts was approved by the trial judge on January 11, 1929, but not filed in the court below until February 11, 1929. With the transcript it was filed in this court on March 19, 1929.

The motion to strike out the statement of facts was filed in this court April 18, 1929.

From what has been said it is apparent that upon the date of the approval of the statement of facts by the trial judge the time allowed by law for filing (article 2246, R. S.) as well as the time granted in the judgment had theretofore expired.

In a reply to the motion to strike, plaintiff in error has shown facts sufficient to excuse its failure to secure the approval and signature of the trial judge within the time prescribed by law and the judgment, and had the statement been promptly filed after securing such approval and signature the motion to strike would be overruled. Article 2245, R. S.

But same was not so filed. A period of 31 days elapsed after such approval and signature before filing. No excuse is offered for this delay.

The motion to strike the statement of facts therefore must be and is sustained.

■ The record contains no assignments of error. In this situation this court is limited to the consideration of fundamental errors. This rule is imperative, and this court is not at liberty to disregard it under the decisions of the Commission of Appeals. Roberson v. Hughes (Tex. Com. App.) 231 S. W. 735; Waggoner Estate v. Sigler, etc.' (Tex. Com. App.) 284 S. W. 921; Blackmon v. Trail (Tex. Com. App.) 12 S.W.(2d) 967; Clonts v. Johnson (Tex. Com. App.) 294 S. W. 844; Greenwall v. Ligon (Tex. Com. App.) 14 S.W.(2d) 829; Read v. Glidden Stores Co. (Tex. Civ. App.) 293 S. W. 243.

The record has been examined. No error of the nature indicated appears. Indeed, it seems from the findings of the trial court no other judgment could properly have been rendered except that which was rendered.

Affirmed.