## HOLMES v. CITIZENS' NAT. BANK OF JASPER. (No. 1929.)

Court of Civil Appeals of Texas. Beaumont. Jan. 17, 1930.

Tom F. Coleman, of Lufkin, for appellant. Smith & Lanier, of Jasper, for appellee.

HIGHTOWER, C. J. In view of the status of this case in this court, a very brief statement of it by us will be sufficient for its disposition here. On January 19, 1928, appellant, T. F. Holmes, executed and delivered to the appellee, Citizens' National Bank of Jasper, Tex., his promissory note for $1,650, to be due and payable six months after date and bearing interest at the rate of 8 per cent. per annum and providing for 10 per cent. attorney's fees if collected by suit. The note was signed by Holmes as the principal maker, and was indorsed by John H. Seale. The note was never paid by either the maker or the indorser, and on November 27, 1928, appellee filed suit on the note in the district court of Jasper county against appellant, as maker of the note, and against John H. Seale as indorser. Final judgment was rendered in favor of appellee on June 26, 1929, against appellant, Holmes, as principal maker of the note, and against John H. Seale as indorser of the note, for the sum of $2,023.40, that being the aggregate amount then due as the principal amount, interest, and attorney's fees, and the judgment further provided that it should bear interest from its date at the rate of 8 per cent. per annum. The defendant Holmes alone prosecutes this appeal.

The record was duly filed in this court on September 24, 1929, but no brief was filed by either party. The cause was set for submission in this court on January 9, 1930, and both parties were duly notified of that setting. On the day before submission, counsel for appellee, Citizens' National Bank of Jasper, filed a motion in this court to dismiss the appeal, the ground of the motion being that appellant had filed no brief in either the trial court or this court and had never delivered to counsel for appellee any brief in this case. On the morning of submission counsel for appellant filed a written suggestion of fundamental error in the judgment, and upon this written suggestion of fundamental error the court examined the record instead of dismissing the appeal, as moved by counsel for appellee.

Counsel for appellant makes no contention that the judgment in favor of appellee against both himself and his codefendant, Seale, was in any respect erroneous, but he does contend that the judgment was and is fundamentally erroneous because Seale was awarded judgment against him in the event he (Seale) should have to pay the judgment in favor of appellee. This claim of fundamental error is based upon appellant's contention, as pleaded by him, that the note sued on by appellee was a partnership obligation of himself and Seale, and that therefore Seale should not have been awarded judgment over against him, as the judgment provides. The record in this case does not support this contention of appellant. The judgment of the trial court, sitting without a jury, expressly recites that appellant was the principal maker of the note and that Seale, his codefendant, was only an endorser on the note, as pleaded by Seale, and there is nothing in the record proper to contradict this recitation in the judgment. However, if we were permitted to search the statement of facts at this point, which we are not, still appellant's contention

would have to be denied because Mr. Seale, who was the only witness in the case, testified in substance that the note did not represent any partnership indebtedness owed by himself and appellant to the appellee and that the note in controversy was the principal obligation of appellant, as it purported to be, and that he (Seale) merely indorsed the note for appellant with the consent and understanding of appellee. This being true, appellant's contention of fundamental error must be overruled.

Appellant having filed no brief in this case, this court is without jurisdiction to review the trial court's judgment except for fundamental error. Roberson v. Hughes (Tex. Com. App.) 231 S. W. 734; Garrison Tie & Timber Co. v. Parrott (Tex. Civ. App.) 288 S. W 250, and authorities there cited; Midland National Bank v Campbell (Tex. Civ. App.) 18 S.W.(2d) 732.

There being no fundamental error in the judgment appealed from, as suggested by counsel for appellant, this court has exercised its option in the matter and ordered the trial court's judgment affirmed rather than dismissing the appeal, as moved by counsel for appellee.

Judgment affirmed.