### SCHROCK et al. v. CAMPBELL.
#### No. 2458.

Court of Civil Appeals of Texas. El Paso.
Nov. 6, 1930.

Rehearing Denied Jan. 8, 1931.

See, also, 10 S.W.(2d) 165.

Gibbs & Lewis, of San Angelo, and Whitaker & Peticolas, of El Paso, for appellants.

Lockhart, Garrard & Brown, of Lubbock, for appellee.

WALTHALL, J.

This suit was brought by appellee, Seth Campbell, against appellants, W. M. Schrock and Charles Brown, to cancel an oil and gas lease originally executed on the 15th day of July, 1926, by Will A. Martin, to Fount B. Armstrong to section 9, block B–5, public school lands in Winkler county.

In view of the fact that several parties, parties to this suit, and parties not parties to this suit, at different times have claimed interests in the section of land involved here, and have executed written instruments in the matter of their several interests, and several suits have been filed involving such interests and prosecuted same to final judgment, and in view of the fact that this case was tried before the court without a jury and no findings of fact were made by the court, and the parties have each made separate statements of the nature and result of the suit, we make a fuller statement than would otherwise seem necessary.

D. E. Phillips was the common source of title to the land and the mineral interests involved in the suit. On April 10, 1922, Phillips conveyed to Will A. Martin his interest in the oil, gas, and other minerals in said land.

On April 25, 1922, Phillips conveyed his interest in the surface in said section of block B–5, to the Midland National Bank, and on December 6, 1922, the Midland National Bank by warranty deed conveyed said section of land to Seth Campbell.

On July 15, 1926, Will A. Martin executed a written oil and gas lease to said section of land to Fount B. Armstrong, reserving one-eighth part of the oil and gas produced. The lease is for operating for oil and gas and is in the usual form of such instruments. So far as the issues presented here are involved, the lease recites a cash consideration paid of $640 with substantially the following covenants: The lease remains in force for ten years from its date and as long thereafter as oil or gas is produced; the lessee agrees (1) to deliver in pipe line to lessor one-eighth part of oil produced and saved; (2 and 3) lessee to pay to the lessor the proceeds stipulated; if no well be commenced on said land on or before July 15, 1927, the lease to terminate as to both parties, "unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the Citizens National Bank at Odessa, Texas, * * * the sum of One Hundred and Sixty and no/100 Dollars, which shall operate as a rental and cover the privilege of deferring the commencing of a well for 12 months from said date. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months successively. * * * The down payment covers not only the privilege granted to the date when said first rental is payable as aforesaid, but also the lessee's option of extending that period as aforesaid, and any and all other rights conferred."

The right of either party to assign the estate in whole or in part is granted.

On September 29, 1926, by a written instrument of that date, Will A. Martin acknowledged the receipt of the sum of $1,600 as having been paid by W. M. Schrock and Charles Brown as the total upkeep rentals accrued and to accrue under the terms of the lease from Will A. Martin to Fount B. Armstrong.

On September 29, 1926, Fount B. Armstrong, in consideration of $1 and other good and valuable considerations, acknowledged, assigned to W. M. Schrock and Charles Brown, all of his right, title, and interest under the Martin lease to him in said section of land. That instrument, as all others above mentioned, was duly recorded.

On July or September (not made clear), 1926, the Midland National Bank filed suit against Will A. Martin and John Martin for debt in the district court of Winkler county, file No. 85, and in said suit obtained a writ of attachment on the 9th day of September, 1926, directed to the sheriff of Winkler county, and on the same day the sheriff of Winkler county levied upon and took into his possession "all of the oil, gas and mineral right, title and interest which the said Will A. Martin has in, under and upon the lands described as Section No. 9, Block B–5, Public School Lands, situated in Winkler County, Texas." On the same day of the levy of attachment a copy of the writ with the sheriff's return thereon was filed for record in the office of the county clerk of Winkler coun-

ty and recorded in the attachment records of that county. W. M. Schrock and Charles Brown were made parties and intervened in said suit, and filed answer and cross-action, asserting ownership and right of possession to the oil and gas interest under their lease from Armstrong. On October 11, 1927, the suit of the Midland National Bank against Will A. Martin et al., with Schrock and Brown as interveners, was tried, resulting in a judgment in favor of plaintiff bank against defendants Will A. Martin and John Martin for its debt, and further ordered and decreed that the lease interest in and to section 9, block B–5, so far as such interest is conveyed by the terms of the oil and gas lease contract executed by Will A. Martin in favor of Fount Armstrong July 15, 1926, and by said Fount Armstrong assigned to Charles Brown and W. M. Schrock, shall be quieted and vested in said Charles Brown and W. M. Schrock. It was further ordered and decreed that plaintiff bank's attachment lien as it existed on the 9th day of September, 1926, upon section 9, block B–5, public school land in Winkler county, covering the oil and gas mineral rights then held by defendant Will A. Martin, be, and the same is hereby, foreclosed, and by the judgment directed that an order of sale issue and the land sold as under execution, "subject to said leasehold interest of W. M. Schrock and Charles Brown." The order of sale was issued as directed, the oil, gas, and mineral rights, title and interest of Will A. Martin in said land, as same existed on September 9, 1926, were sold by the sheriff of Winkler county, and all of such interest conveyed to J. V. Stokes.

Subsequent to the last above stated proceedings, the date not shown, Seth Campbell, not a party to said suit, filed a suit in trespass to try title, in the district court of Winkler county, against the Midland National Bank, the file number being No. 92, alleging his ownership and right of possession of section 9, block B–5, in Winkler county, the land involved in this suit. The defendant bank answered, and, among other defenses, alleged that it was the owner of the one-eighth oil and gas and other minerals in the lands in controversy; pleaded its suit against Will A. Martin, its judgment, attachment, and attachment lien foreclosure and sale thereunder to J. V. Stokes in trust for the defendant Bank; it pleaded other matters which we need not state here; the bank disclaimed as to any interest in the surface save as to the right of ingress and egress, for the purposes of mineral exploration and development. The case was tried without a jury and judgment rendered on October 9, 1928, in favor of plaintiff, Campbell, and against the bank and Stokes, as to title and right of possession of survey 9, block B–5. The bank prosecuted a writ of error to this court from that judgment, and the judgment became final in this court by its

affirmance. Midland National Bank v. Campbell (Tex. Civ. App.) 18 S.W.(2d) 732.

In the meantime and before judgment had been rendered in the suit of Seth Campbell against the Midland National Bank and Stokes, W. M. Schrock and Charles Brown had sued Seth Campbell in the district court of Winkler county to recover the title and possession of the oil, gas, and other minerals in said section 9, block B–5. To that suit Campbell answered by general denial and plea of not guilty, and by plea of limitation of five years. Campbell also filed a cross-action asserting ownership and right of possession in himself and also pleaded title by limitation. On March 17, 1928, judgment was rendered for plaintiffs and against defendant for such minerals, "as given, granted and contained in that certain oil and gas lease of date July 15th, 1926, originally executed by Will A. Martin, as lessor, to and for the benefit of Fount B. Armstrong, * * * being 7/8ths of all of said oil and gas and being all of the same except the 1/8th royalty as therein reserved on which said lease all the annual rentals have been fully paid up for a period of ten years from the date of said lease; it is further ordered, adjudged and decreed by the court that the title of the plaintiffs, W. M. Schrock and Charles Brown, as against the defendant, Seth Campbell, be forever quieted and that a writ of possession be issued as the law directs, putting the said W. M. Schrock and Chas. Brown in possession of said oil and gas and that they * * * (have right of ingress and egress) and that defendant, Seth Campbell take nothing on his cross-action."

Seth Campbell appealed from that judgment. The case was affirmed by this court. Campbell v. Schrock et al., 10 S.W.(2d) 165.

It seems undisputed that no oil well was ever commenced on said land.

On September 29, 1926, Will A. Martin executed a written statement duly acknowledged, and recorded, to the effect that Schrock and Brown had on that day paid to Will A. Martin "by good and valuable consideration satisfactory to said Will A. Martin the total upkeep rentals accrued and to accrue under the terms of said lease contract" of July 15, 1926, between Martin and Armstrong, and in said statement Martin acknowledged the receipt of $1,600, though the abstract of title in evidence states the amount paid to be $160.

This suit was brought by appellee Seth Campbell, against W. M. Schrock and Charles Brown for the cancellation of the oil and gas lease from Will A. Martin to Fount B. Armstrong, executed on July 15, 1926, in which it is alleged, in substance, that the Midland National Bank and J. V. Stokes purchased all the oil, gas, and minerals in and under said section of land, and held the same in trust for the use and benefit of appellee, and that appellee has at all times since the 9th day of

September 1926, held the superior title to all the oil, gas, and minerals in and under said section; that no oil well was at any time commenced on said land, and that appellants have failed to pay appellee or the depository bank, or to any person authorized to receive same, the rentals provided for in the lease contract; that the attachment levied on said land by the Midland National Bank on the 9th day of September, 1926, in its suit against Martin, impressed said property with a lien to secure the payment of the bank's judgment against Martin, and that any payment of rentals after said attachment levy did not operate as a rental payment under said lease.

Appellants answered by general denial; allege payment of all rentals to Martin on September 29, 1926; allege that appellee is not entitled to judgment for the reason that all matters complained of by appellee have been adjudicated in a former suit between appellants and appellee, being consolidated causes 87 and 98 on the court's docket; they pleaded the former judgments and estoppel to further prosecute this suit, and that the two judgments rendered in said suits are res adjudicata of the issues tendered by appellee; also pleaded a cross-action against appellee in trespass to try title claiming the land in controversy.

Appellee, by supplemental petition, answered by general denial, pleaded not guilty, pleaded that the forfeiture of the lease for nonpayment of rentals was not an issue in the suits the judgment of which is pleaded by appellants as res adjudicata.

Appellee recovered judgment, and that appellants take nothing by their cross-action. Appellants prosecute this appeal.

## Opinion.

As stated more fully above, appellants Schrock and Brown brought suit in the district court of Winkler county against appellee Campbell to quiet the title to the lease in question here, and in trespass to try title to the same tract of land involved in this suit.

In that suit appellee Campbell answered by general denial, plea of not guilty, and by way of cross-action sued appellants in trespass to try title. By way of answer to Campbell's cross-action, Schrock and Brown filed a plea of not guilty.

In that suit judgment was entered on March 17, 1928, quieting the title to said oil and gas lease in Schrock and Brown, and decreeing that Campbell take nothing on his cross-action.

Based on the above facts, appellants submit that the legal effect of such suit and judgment is to divest such title as Campbell had out of him and to vest same in Schrock and Brown. In the suit referred to in the proposition Schrock and Brown asserted title as against Seth Campbell to the oil and gas in section 9, block B-5, and based their suit on the lease contract executed by Will A. Martin to Fount B. Armstrong. The surface of the section was not involved in the suit as brought by Schrock and Brown. Campbell, however, not only answered fully to the suit as brought by Schrock and Brown, but also filed a cross-action in trespass to try title, asserted right of possession and ownership in fee simple to all of the premises and property described in Schrock and Brown's petition; pleaded peaceful and adverse possession of the property and land, cultivating, using, and enjoying same, paying taxes under a registered deed (from the Midland National Bank) for more than five years, and prayed for judgment establishing his title to and right to possession of said premises and property.

To Campbell's cross-action Schrock and Brown answered by general denial and plea of not guilty.

The judgment awarded recovery to Schrock and Brown on their suit as to the oil, gas, and other minerals as given in the oil and gas lease, that is, seven-eighths of the oil and gas, excepting therefrom the one-eighth royalty reserved in the lease to Martin the lessor. On Campbell's cross-action it was adjudged that he "take nothing."

It seems clear that the court undertook to adjudicate the matters at issue between Schrock and Brown as pleaded by them against Campbell; also issues as pleaded by Campbell in his cross-action against Schrock and Brown.

Appellee submits that the language of the judgment admits of two constructions, and that the recital in the judgment that Campbell "take nothing" by his cross-action should be construed as applying only to that specific portion of the realty for which Schrock and Brown sued and which was decreed to them. To do so would be to omit from that suit the pleading of both parties, and the judgment rendered on Campbell's cross-action, and to hold that it had no place or meaning in the suit. We think, however, that, the cross-action being a separate and independent suit, it injected into the suit issues which Schrock and Brown must meet. At that time Campbell held title by deed from the Midland National Bank to the section of land involved. We need not discuss the legal effect of the judgment had Schrock and Brown not answered to the cross-action, and Campbell had taken judgment on his cross-action, more than to say that such issues and judgment being a larger suit, including the title to the surface as well as the minerals, would include and therefore be conclusive of the rights asserted by Schrock and Brown. The question is then presented: Was the effect of the "take nothing" judgment on the cross-action

to divest whatever title Campbell then had out of him and vest same in Schrock and Brown, as submitted, by appellants; or, as submitted by appellee, that the judgment on the cross-action was merely a clerical error in the judgment record, and that the court intended only to give Schrock and Brown what they sued for and no more? We do not think the judgment a clerical error, and whatever the trial court had in mind, not expressed in the record, the legal effect of the judgment as written must prevail. The judgment became final on appeal.

 We think it would be a clearer and better discussion of the questions presented to consider them as they are pleaded rather than as stated in the propositions. Appellants pleaded that each and all of the matters now sought to be litigated and adjudged against them in the instant suit were litigated and adjudged against appellee in said former suit, and that by reason thereof appellee is barred and estopped to further prosecute this suit; appellants specifically pleaded that the issue of the payment of the rentals, and the issues in the suit of the Midland National Bank against Will A. Martin involving the attachment foreclosure, in which suit the Midland National Bank joined appellants as claiming interest in the subject-matter of the suit, and in which suit appellants intervened by cross-action, and set up their right, title, and interest in the land and in the oil, gas, and minerals under said lease and the assignment of the lease to them, and sought to have their title as pleaded established; that in said suit it was decreed that appellants herein were the owners of the oil and gas lease and their title thereto quieted and vested in appellants; that the attachment foreclosure was by the decree made subject to appellant's leasehold interest; that is, the attachment lien was foreclosed on all oil, gas, and other mineral rights in said land, except such interest as was conveyed by Martin to Armstrong under the lease contract; that said judgment became final in the district court; that appellee is claiming rights under his deed from the Midland National Bank; that appellee, by reason of the former suit and the issues as briefly stated, is now barred and estopped by said judgment from setting up any of the claims now sought to be established in the instant suit.

Appellants further pleaded that, if the rentals provided for in the lease have been paid, or if Martin was not entitled to receive them, they say they were misled by the recital in the former judgment between the parties hereto of their full payment, and appellee's silence and acquiescence thereto, and his failure to deny or question the same, and thereby appellee contributed to such mistake of facts, and appellants now offer to pay all unpaid rentals.

Appellants also submit that the former judgment as above quieting the title in appellants to the oil and gas lease, adjudging that all rentals accruing under said lease have been paid, is res adjudicata as to the present suit brought to cancel said lease for failure to pay the rentals.

In this suit appellee sued appellants and alleged the execution and delivery of the said lease contract, stating its provisions as to the payment of rentals, the assignment of the lease to appellants and its recordation, the acquisition by appellee of the "land and premises" from the Midland National Bank, the recovery of judgment by the bank against Martin, the levy and foreclosure of the attachment lien and sale by said bank under said judgment of all of the oil, gas, and mineral rights in said land, that Stokes became the purchaser for the bank, that the bank and Stokes purchased all of the gas, oil, and mineral in and under said section of land "and held the same in trust for the use and benefit of the plaintiff (appellee), and plaintiff has at all times since the 9th day of September, 1926, held the superior right and title to all of the oil, gas and other minerals in and under said section of land." Appellee then alleges the failure to pay the rentals.

From the above recital from appellee's petition, appellee claims title to the minerals in question through the bank's attachment proceeding in the bank's suit against Martin.

The judgment in Schrock and Brown against Campbell was entered March 17, 1928, some months after appellee alleged he acquired title to the minerals under the attachment levy on September 9, 1926.

The judgment in that case shows a recovery in that suit by Schrock and Brown against Campbell for "the title and possession of all the oil, gas and other minerals and mineral rights in, to and under Section 9, in Block B-5, * * * as given, granted and contained in that certain oil and gas lease of date July 15, 1926, originally executed by Will S. Martin, as lessor to and for the benefit of Fount B. Armstrong * * * being ⅞ths of all of said oil and gas and being all the same except the ⅛th royalty as therein reserved, on which said lease all the annual rentals have been fully paid up for a period of ten years from the date of said lease."

It seems from the record that at the time of the attachment levy Martin could not have had, by conveyances, more than a one-eighth royalty interest in the land, and in the deed by the sheriff to Stokes the interest conveyed by Martin to Armstrong, the seven-eighths interest is excepted, and did not pass by the deed. Only a one-eighth interest in the minerals is conveyed by the sheriff's deed to Stokes.

As heretofore stated, it was agreed between the parties on the trial that Schrock and

Brown did not pay $160 to the Citizens' National Bank at Odessa, the depository bank, but did pay to Martin on September 29, 1926, the sum of $1,600 as rentals, and that Martin executed his receipt and acknowledgment of such payment on that date; that Schrock and Brown have never paid Campbell or the Midland National Bank, or Stokes, any sum as rentals. The lease contract provides: "If no well be commenced on said land on or before the 15th day of July, 1927, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender * * * the sum of $160.00, which shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from said date."

It is true, as submitted by appellee, that after the 15th day of July, 1929, by reason of the provision of the "drill or pay" clause in the lease contract, upon the failure of the lessee or his assignee to pay the rental on or before the 15th of July, 1929, the lease terminates ipso facto as to both parties without the necessity of re-entry or action by any one to determine the fact of the forfeiture for nonpayment of rentals. W. T. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.(2d) 27; Caruthers v. Leonard (Tex. Com. App.) 254 S. W. 779.

However, we are of the opinion that the pleadings of the parties in the suits referred to put in issue the entire interest of all parties in the land involved. A valid existing lease was alleged. That raised the issue as to how and to what extent it was valid.

Conceding that the former judgments were wrong, and that the authority and right of Martin to receive the rents under the oil and gas lease after the 15th of July, and after the attachment levy, the former judgments are valid judgments until set aside by appeal or a suit is brought to correct and make right that which is wrong. The present suit is a collateral attack on the previous judgments involving the ownership and right of possession of the minerals in the land, and the right and authority of Martin to receive the rental payments.

The rule is stated in 34 Corpus Juris, p. 768: "So long as a judgment remains unappealed from and in full force, it does not detract from its effect as a bar to further suits upon the same cause of action that it may be erroneous, so as to be reversible on appeal or error, or so irregular that it would be vacated on a proper application for that purpose."

Many cases from other states and from this state are cited in the notes in support of the rule. The judgments in the former trials were final judgments on the merits as evidenced by the character of the causes of action brought, the defenses made thereto, and the cross-actions pleaded in the suits, each party in the suits claiming ownership and right of possession to the minerals in the section of land, and the adjudication was made by the court upon the pleadings in the case. We need not restate that the several suits, the suits by the plaintiff fully answered by the defendant by pleas of "not guilty," and the cross-actions, with like defense, were suits in trespass to try title and to remove cloud from title, in which character of suit our statute, article 7373, provides that the defendant, under the plea of "not guilty," may give in evidence any lawful defense to the action, except the defense of limitation, which shall be specially pleaded.

We have concluded that in this suit appellants' pleas of estoppel and res adjudicata were available and should have been sustained. For reasons stated, the case is reversed, and judgment here entered for appellants.