## CAMPBELL v. SCHROCK et al.
### No. 1565—5907.

Commission of Appeals of Texas, Section A.
June 9, 1932.

Lockhart, Garrard & Brown, of Lubbock, for plaintiff in error.

Gibbs & Lewis, of San Angelo, and Whitaker & Peticolas, of El Paso, for defendants in error.

CRITZ, J.

On April 10, 1922, D. E. Phillips was the owner in fee simple of section 9, block B-5, public school land in Winkler county, Tex.

On the above date, April 10, 1922, Phillips conveyed to Will A. Martin all the oil, gas, and other minerals in, on, and under the above land.

Later, on April 25, 1922, Phillips conveyed all of the above land by warranty deed to Midland National Bank. So far as shown by the record, this deed did not except the oil, gas, and other minerals already conveyed by Phillips to Will A. Martin.

On July 15, 1926, Will A. Martin executed and delivered to Fount B. Armstrong a written oil and gas lease to the above land reserving the one-eighth royalty. This lease is for the sole purpose of operating for oil and gas, and is in the ordinary form of such instruments. It recites a cash consideration of $640; runs for ten years from date, and as long thereafter as oil and gas is produced. It provides that, if no well be commenced on the land on or before July 15, 1927, the lease is to terminate as to both parties "unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the Citizens' National Bank at Odessa, Texas, * * * the sum of $160.00, which shall operate as a rental and cover the privilege of deferring the commencement of a well for 12 months from said date. In like manner and upon like payments or tenders the commencement of a well may be further

deferred for like periods of the same number of months successively." The lease also provides that either party may assign in whole or in part.

On September 29, 1926, Fount B. Armstrong assigned the above lease to W. M. Schrock and Charles Brown.

On the same date, September 29, 1926, Schrock and Brown secured the assignment of the above lease from Fount B. Armstrong, Will A. Martin by written instrument acknowledged that they (Schrock and Brown), had paid to him the sum of $1,600, the full 10 years' rentals on the above oil and gas lease.

Some time in 1926, not made clear by the record, but on or before September 9th of such year, the Midland National Bank sued Will A. Martin and John Martin in the district court of Winkler county for debt, and in such suit caused a writ of attachment to be issued on the 9th day of September, 1926, and on the same day this attachment was duly levied on all of the oil, gas and mineral rights Will A. Martin had in the above-described land. On the same day of the levy of the attachment a copy of the writ and the sheriff's return thereon was filed for record in the county clerk's office of Winkler county and recorded in the attachment lien records of that county as required by law.

Going back a little, on December 6, 1922, the Midland National Bank, by warranty deed, conveyed the land in question here to Seth Campbell. So far as shown by this record, this deed conveyed the entire title including the minerals.

It will be seen that at this point those interested in the land were (a) Midland National Bank, claiming an attachment lien on the mineral interest of Will A. Martin; (b) W. M. Schrock and Charles Brown, claiming the 10-year lease above shown with the rentals fully paid for the entire 10-year period; (c) Seth Campbell claiming the title, including the minerals; and (d) Will A. Martin holding the mineral title subject to the lease above with the rentals fully paid in so far as he was concerned, but that said mineral rights were subject to the attachment lien of the bank.

With the title and record in the condition above shown, W. M. Schrock and Charles Brown were made parties, and intervened in the above suit of Midland National Bank against Will A. Martin and John Martin, and filed answer and cross-action therein, and asserted a leasehold interest in the oil and gas in said land by virtue of the lease from Will A. Martin to Armstrong and the assignment thereof from Armstrong to them. Schrock and Brown also asserted that the rentals provided in the above lease were fully paid for its 10-year period.

On October 11, 1927, the above suit was tried in the district court, with Midland National Bank, Will A. Martin, W. M. Schrock, and Charles Brown parties thereto, and final judgment was entered. This judgment is in the record, and we interpret it to make disposition of the matters therein litigated as follows:

The bank recovered from Will A. Martin and John Martin a judgment for $21,048, with interest; the bank recovered judgment foreclosing its attachment lien as of date September 9, 1926, on the oil, gas, and mineral interest of Will A. Martin, save and except such interest as was conveyed by said Martin to Fount B. Armstrong by lease of July 15, 1926; that W. M. Schrock and Charles Brown were the owners of the lease interest conveyed by Will A. Martin to Fount B. Armstrong above mentioned and later assigned by said Armstrong to said Schrock and Brown. The judgment quiets Schrock and Brown in their title to this lease. The judgment then proceeds to foreclose the attachment lien on the oil, gas, and mineral interest of Will A. Martin, and contains other provisions not germane here.

An order of sale was issued under the above judgment, and the oil, gas, and mineral interest of Will A. Martin as it existed on September 9, 1925, was sold to J. V. Stokes. It seems to later appear that Stokes bought for the bank.

From the above it will be seen that the Midland National Bank in the name of J. V. Stokes became the owner of the oil, gas, and minerals in the above land subject to the leasehold estate of W. M. Schrock and Charles Brown. Also at this point we call attention to the fact that the bank had already conveyed the entire title to this land to Seth Campbell by deed of date December 6, 1922.

After the above proceedings Seth Campbell, who was not a party to the above suit, but who held the warranty deed from Midland National Bank above mentioned, sued the bank and J. V. Stokes in trespass to try title in the district court of Winkler county, Tex., alleging his ownership and right of possession to this land. The bank answered and pleaded its ownership of one-eighth of the oil, gas, and other minerals in the land. In this connection the bank pleaded the above suit with Will A. Martin et al., its judgment, attachment, attachment lien, foreclosure, and sale thereunder to J. V. Stokes in trust for the defendant bank. The bank disclaimed as to any interest in the land other than the above-mentioned mineral rights, together with the right of ingress and egress for mineral exploration and development. This suit resulted in a judgment for Campbell and against the bank and Stokes. This judgment was affirmed by the Court of Civil Appeals. Midland Nat. Bank v. Campbell, 18 S.W.(2d) 732.

It will here be noted that W. M. Schrock and Charles Brown, who were adjudged the leasehold interest in the first suit above mentioned, were not parties to the second suit between the bank and Stokes on the one side and Seth Campbell on the other. As between these last-named three parties the title became vested in Seth Campbell in fee simple by virtue of the second judgment.

The judgment in the second suit above mentioned was entered in the district court on October 9, 1928, in favor of Seth Campbell. But in the meantime and before such judgment was entered W. M. Schrock and Charles Brown, who held the leasehold estate adjudged to them in the first suit above mentioned, sued Seth Campbell in the district court of Winkler county to recover the title and possession of the oil, gas, and other minerals in the above land. In this suit Schrock and Brown asserted the leasehold interest above mentioned. Campbell answered this suit by general denial, plea of not guilty, and plea of five years' limitation. Campbell also filed a cross-action and asserted title in the land and right of possession. Also in such cross-action Campbell pleaded title by limitation. At this point we pause to call attention to the fact that Schrock and Brown were only asserting the leasehold interest with the rentals paid up for 10 years. On March 17, 1928, being prior to the judgment in the second suit above, final judgment was rendered in this suit for the plaintiffs W. M. Schrock and Charles Brown against Seth Campbell. In this judgment it was decreed that Schrock and Brown were the owners of the oil and gas lease originally executed by Will A. Martin as lessors to Fount B. Armstrong, and that the rentals were fully paid for the full 10-year period of such lease. This judgment then proceeded to decree *that the defendant, Seth Campbell, take nothing on his cross-action.* We call particular attention to the italicized clause in the judgment as it becomes important later. Seth Campbell appealed from this judgment, and it was affirmed by the Court of Civil Appeals. 10 S.W.(2d) 165.

It is undisputed that no oil well has ever been commenced on said land. It is also undisputed that the three judgments above mentioned have become final. In this connection it will be observed that the judgment in the first suit was not appealed from and the judgments in the second and third suits were both affirmed by the Court of Civil Appeals and no writ of error applied for in either case.

From the history of the title we have given it becomes evident at this point that Seth Campbell is the owner of this land, including minerals, subject to the 10-year oil, gas, and mineral lease of W. M. Schrock and Charles Brown, with the rentals adjudged fully paid for the full 10-year period, which would be until July 15, 1936.

Of course this statement is made subject to further discussion of the effect of the judgment of March 17, 1928, which we have referred to as the third judgment.

After the happening of the above events, this suit was filed by Seth Campbell against W. M. Schrock and Charles Brown for cancellation of the above-described oil and gas lease. We understand that Campbell claims the right to cancel on the ground that the rentals provided for in the lease above mentioned have not been paid.

We here quote the following further statement from the opinion of the Court of Civil Appeals [34 S.W.(2d) 324, 326]:

"This suit was brought by appellee Seth Campbell, against W. M. Schrock and Charles Brown for the cancellation of the oil and gas lease from Will A. Martin to Fount B. Armstrong, executed on July 15, 1926, in which it is alleged, in substance, that the Midland National Bank and J. V. Stokes purchased all the oil, gas, and minerals in and under said section of land, and held the same in trust for the use and benefit of appellee, and that appellee has at all times since the 9th day of September 1926, held the superior title to all the oil, gas, and minerals in and under said section; that no oil well was at any time commenced on said land, and that appellants have failed to pay appellee or the depository bank, or to any person authorized to receive same, the rentals provided for in the lease contract; that the attachment levied on said land by the Midland National Bank on the 9th day of September, 1926, in its suit against Martin, impressed said property with a lien to secure the payment of the bank's judgment against Martin, and that any payment of rentals after said attachment levy did not operate as a rental payment under said lease.

"Appellants answered by general denial; allege payment of all rentals to Martin on September 29, 1926; allege that appellee is not entitled to judgment for the reason that all matters complained of by appellee have been adjudicated in a former suit between appellants and appellee, being consolidated causes 87 and 98 on the court's docket; they pleaded the former judgments and estoppel to further prosecute this suit, and, that the two judgments rendered in said suits are res adjudicata of the issues tendered by appellee; also pleaded a cross-action against appellee in trespass to try title claiming the land in controversy.

"Appellee, by supplemental petition, answered by general denial, pleaded not guilty, pleaded that the forfeiture of the lease for nonpayment of rentals was not an issue in the suits the judgment of which is pleaded by appellants as res adjudicata."

In the instant suit Seth Campbell recovered judgment in the district court canceling the mineral lease claimed by W. M. Schrock and Charles Brown, and also recovered judgment that Seth Campbell take nothing by their cross-action against Seth Campbell. Schrock and Brown prosecuted appeal ·to the Court of Civil Appeals, which court reversed ·the judgment of the district court and rendered judgment for Schrock and Brown. 34 S.W.(2d) 324. Seth Campbell brings error.

At this point we wish to give credit to the Court of Civil Appeals for this statement, as we have largely depended on the statement of that court in making our statement.

### Opinion. ·

The case is before us on various assignments of error, but we think it is sufficient to dispose of the. litigation by a general discussion.

■ As we understand the opinion of the Court of Civil Appeals, that court holds that the judgment of date March 17, 1928, being the judgment in the third suit above men-·tioned, operated to divest Seth Campbell of all title to the land; that is, that such judgment not only operated to·confirm Schrock and Brown in their leasehold mineral estate, but also operated to vest them with the entire title, both surface and mineral. This holding of the Court of Civil Appeals seems to be based on the fact that the record shows that in such suit Seth Campbell filed a cross-action asserting title and possession in himself, and also pleaded title by limitation, and the judgment decreed that he (Seth Campbell) *take nothing by such cross-action.* We are unable to agree with the Court of Civil Appeals as to the above holding. It is evident from the statement·we have made that Schrock and Brown in the suit above mentioned only claimed the leasehold estate above described, with the rentals paid for the 10-year period, and that they never asserted or intended to assert any title to the surface, other than the right of ingress and egress to explore and develop the mineral estate.

■ In passing on the·legal effect of a judgment, one should not look alone to an isolated sentence or clause thereof, but to the entire judgment, and, if necessary, to the judgment roll. When we do this in this instance, it is evident to us that the judgment of March 17, 1928, only has effect to vest title in Schrock and Brown to the leasehold estate with the rentals fully paid for 10 years, and that it does not have effect to divest Campbell of his title to such land otherwise.

■ It is clearly evident, however, that the judgment of March 17, 1928, supra, is res adjudicata of the cause here asserted by Campbell for cancellation of the lease owned and held by Schrock and Brown. As shown by the statement we have made, that judgment expressly decreed that the rentals on the above lease were paid up for the full 10-year period; that is, that they were paid for 10 years from the date of the lease. Certainly if the rentals are fully paid, no cause of action will lie to forfeit for their nonpayment. The date of the lease was July 15, 1926. It follows that Schrock and Brown can hold the lease until July 15, 1936, without drilling. This is because the lease is for 10 years from its date, with privilege of deferring drilling each year by paying rental, and this rental is decreed to have been fully paid in advance for the full 10-year period.

We recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court and rendering judgment for W. M. Schrock and Charles Brown be affirmed, but that the judgment here affirmed for said Schrock and Brown shall only have effect to decree to them their leasehold mineral estate above described with the rentals fully paid for the 10-year period of said lease, and shall not have effect to ·give the said Schrock and Brown any interest in said land ·otherwise.

CURETON, C. J.

The judgment of the Court of Civil Appeals is reformed, and, as reformed, is affirmed, as recommended by the Commission of Appeals.