**RIDGE et al. v. WOOD et al.**

**No. 3940.**

Court of Civil Appeals of Texas. El Paso.

April 18, 1940.

Rehearing Denied May 9, 1940.

Montgomery & Taylor, of Edinburg, D. B. Chapin, of Mission, and Tuck Chapin, of San Antonio (A. W. Taylor and W. R. Montgomery, both of Edinburg, on the brief), for appellants.

Davenport & Ransome, of Brownsville (Hill, Greer & Franki, of Mission, and Harbert Davenport, of Brownsville, of counsel), for appellees.

WALTHALL, Justice.

This is a suit instituted August 21, 1937, by Lee Ridge, Olla Mae Revard, and Mc-Guire N. Revard, as the trustees of an express trust called Revard Development Company; Olla Mae Revard, as widow and survivor of C. E. Revard, deceased; and the other appellants as children or grandchildren, and heirs of C. E. Revard, deceased, and their respective husbands and wives, against D. G. Wood and the other appellees named, sued as purchasers under D. G. Wood, to set aside a judgment of the District Court of Hidalgo County, Texas, 93rd Judicial District of Texas, rendered June 4, 1926, in a suit styled "D. G. Wood, et als. v. Ola Mae Revard, Executrix of the Estate of C. E. Revard, et als.," and numbered 5517 on the docket of said court, in which D. G. Wood, as plaintiff, recovered as against Olla Mae Revard, executrix of the estate of C. E. Revard, deceased; Olla Mae Revard, individually; McGuire Revard, Clara Robertson, Ernest Robertson, Nora Stotts, Jack Stotts, Elzema Revard, Jim Osage Revard, Margaret Lena Heard, Cyrus Heard, Cora Perry, Sam Perry, Clarence Revard, Ed Clifford Revard, individually and as owners of an interest in Revard Development Company, an express trust; and against said Revard Development Company, an express trust, title to and possession of two adjacent tracts of land out of Porcion No. 84, Ancient Jurisdiction of Camargo, now in Starr County, Texas, properly described by metes and bounds; appellants Lee Ridge, Olla Mae Revard, and McGuire N. Revard, as trustees of said Revard Development Company, seeking also to recover said two tracts of land from appellees herein, holding and claiming under appellee D. G. Wood; and for an accounting of rents and profits, especially including the value of oil produced on one of such tracts.

The trial court having sustained a general demurrer to appellants' original petition filed August 21, 1937, appellants took leave to amend, and, on October 23, 1937, filed their first amended original petition, to which, on September 8, 1938, appellees' general demurrers were likewise sustained by the court; and appellants having de-

clined to further amend, the court entered its final judgment dismissing their said suit; from which judgment of dismissal, appellants have prosecuted this appeal.

The petition is too lengthy to copy here, so we state what we understand to be the pertinent facts alleged. They are substantially as follows:

On February 12, 1920, appellee D. G. Wood, being then lawfully seized and possessed of the two tracts of Starr County land involved in this suit, conveyed same to C. E. Revard, reserving his vendor's lien to secure the payment of forty vendor's lien promissory notes, aggregating $29,500 principal, executed and delivered to him by said C. E. Revard in evidence of deferred payments of equivalent amounts of purchase money; said vendor's lien notes, numbered from one to forty, inclusive, and bearing interest at the rate of seven per cent per annum, being (except note No. 40 for $250 principal) each for the sum of $750 principal, maturing quarterly, four in each year, on the first days of April, July, October and January; each note providing that failure to pay any of said notes, or any installment of interest thereon when due, should, at the option of the holder, mature all said notes; Wood's said deed of conveyance to C. E. Revard being recorded April 13, 1920, in the Deed Records of Starr County.

On May 22, 1920, said C. E. Revard, his wife, appellant Olla Mae Revard, and his son, appellant McGuire N. Revard, filed a declaration of trust in the Deed Records of Starr County, Texas, naming themselves as trustees, which provided for a trust estate called Revard Development Company, divided into 800 shares of the par value of $100 each, represented by certificates to be issued to the beneficiaries of the trust; vesting in the trustees absolute control over all the affairs of the trust; including, expressly, the power to lease and purchase land, and to institute and defend any and all proceedings at law or in equity in respect to the property rights of the trust; and that "No title or estate of any property at any time held by such trustees * * * * is to vest in the shareholders, but that same shall be and remain in said trustees, their successors and assigns, and that the sole interest of the shareholders shall be in the obligation of such trustees to hold and manage the trust estate and account for its income and proceeds at their discretion."

The general purpose of such trust, as alleged by appellants, was, "To own and operate and maintain irrigated farms and the necessary irrigation system therefor, and to purchase and hold, and own all real and personal property incident thereto."

In the event of a vacancy among the trustees, all property of the trust vested in the remaining trustees, who were likewise empowered to fill such vacancies.

On June 8, 1920, by deed recorded November 10, 1920, in the Deed Records of Starr County, said C. E. Revard and Olla Mae Revard conveyed said two tracts of Starr County land, so purchased by them from D. G. Wood, to C. E. Revard, Olla Mae Revard, and McGuire N. Revard, as trustees of said Revard Development Company; part of the consideration for such conveyance being their agreement to pay $28,750 remaining due and unpaid on the purchase money for said land. Aside from this contract of assumption, the consideration was $13,550, paid by the issuance to C. E. Revard and Olla Mae Revard of a like amount of shares of the capital stock of said Revard Development Company; and $6,000 in shares of capital stock of Revard Development Company were issued to Cora Muller (now Cora Perry, of appellants); and 800 shares of capital stock of Revard Development Company were held in trust (presumably by the trustees above named) for the other children and grandchildren of said C. E. Revard.

Said trust was actually managed by said C. E. Revard from its creation in June, 1920, until his death in 1924; during which period, appellants aver, he made improvements on said two tracts of the value of $15,000 and paid to appellee D. G. Wood the alleged sum of $9,750, principal and interest on the purchase money.

Said C. E. Revard died, testate, February 11, 1924; and by the terms of his will, duly probated in Bexar County, Texas, devised his entire estate to appellant Olla Mae Revard, his wife, who was also named and appointed, and qualified as, independent executrix of the estate.

After the death of said C. E. Revard, appellants Olla Mae Revard and McGuire N. Revard paid to appellee D. G. Wood various amounts (alleged, except as to one payment of $1,500, to be to appellants unknown, but averred as being $5,000 in all) as payments of principal and interest on the purchase price of said land.

On December 31, 1925, appellee D. G. Wood brought his suit in the District Court of Hidalgo County, Texas, docketed as No. 5517, and styled "D. G. Wood v. Olla Mae Revard, Executrix, et als.," complaining of appellant Olla Mae Revard, individually, and as executrix of the estate of C. E. Revard, deceased, her nine children (appellants herein, some of them under different names), and Revard Development Company, an express trust (naming Olla Mae Revard, the estate of C. E. Revard, and eight others, appellants here, including McGuire N. Revard, children of said C. E. Revard and Olla Mae Revard, as owners of said express trust) to recover the amount due, principal, interest, and attorney's fees, on promissory vendor's lien notes Nos. 8 to 40, inclusive, of the series of forty vendor's lien promissory notes executed and delivered by C. E. Revard to D. G. Wood to evidence deferred payments of purchase money for said two tracts of Starr County land; and for foreclosure of his vendor's lien.

Citations directed to them having been issued and served in said suit, appellant Olla Mae Revard and her said children employed M. S. Hallam, an attorney at law practicing his profession at San Antonio, Texas, to represent them in said suit; and pursuant to certain representations made to them and their attorney by appellee D. G. Wood, agreed with him that he might amend his petition in said cause No. 5517, including therein a count in trespass to try title to recover the 2,175 acres of land in Starr County, on which he held said vendor's lien; which he did by a first amended original petition filed March 29, 1926. Olla Mae Revard and six of her children waived service of citation on such amended pleading and appeared and answered thereto; two of her children, who were minors, were duly cited, and M. S. Hallam, the attorney representing Olla Mae Revard and her six children who had answered, was appointed guardian ad litem to represent them in said suit. Said M. S. Hallam also filed an answer for said Revard Development Company; but three grandchildren of C. E. Revard and Olla Mae Revard, children of a daughter, then deceased, were not made parties to the suit.

On June 4, 1926, said cause No. 5517 came on for trial; appellants made no defense; the evidence adduced was reduced to writing, and an agreed statement there-

of, signed by counsel, was filed among the papers in said cause; and the court rendered judgment that plaintiff (appellee here), D. G. Wood, recover title to, and possession of, said Starr County land, as against Revard Development Company, an express trust; Olla Mae Revard, executrix of the estate of C. E. Revard, deceased; Olla Mae Revard, individually; McGuire Revard, Clara Robertson, Ernest Robertson, Nora Stotts, Jack Stotts, Elzema Revard, Jim Osage Revard, Margaret Lena Heard, Cyrus Heard, Cora Perry, Sam Perry, Clarence Revard, Ed Clifford Revard, and Revard Development Company.

Immediately after the entry of said judgment, appellants Olla Mae Revard and McGuire N. Revard, as trustees of Revard Development Company, delivered to appellee D. G. Wood possession of the Starr County land described in said judgment, together with irrigation pumps and machinery thereon situated. The only equities alleged by appellants as a basis for setting aside said judgment of June 4, 1926, in said cause No. 5517 are:

Olla Mae Revard and each of her children and grandchildren are Osage Indians, uneducated, and utterly ignorant of business affairs and legal matters of all kinds; and the affairs of Revard Development Company were, until his death on February 11, 1924, administered entirely by said C. E. Revard, deceased;

Appellee D. G. Wood was a highly educated man, with extended experience in business and legal matters. Said C. E. Revard, as the active member of said trustees of Revard Development Company, paid to him large sums, alleged to be $9,750 in all, on the principal and interest of the forty vendor's lien notes delivered to him by C. E. Revard for deferred payment of purchase money on said Starr County land; and after the death of C. E. Revard, appellants Olla Mae Revard and McGuire N. Revard, as surviving trustees, paid to appellee D. G. Wood further large sums, the amount to them unknown, except for one payment of $1,500, but alleged to be $5,000 in all. Olla Mae Revard and McGuire N. Revard, before and at the time of making said last-mentioned payment of $1,500 on said notes, demanded of said D. G. Wood a statement of the total amounts so paid by them, and by said C. E. Revard, which he promised to make them, but never did; and shortly after having received from them such last-

mentioned payment of $1,500, he instituted suit on all said notes in said cause No. 5517. After having employed said M. S. Hallam as their attorney to represent them in said suit, said Olla Mae Revard and her nine children, and her said attorney again made demand upon appellee D. G. Wood that he render them an exact accounting of the amounts due on said deferred payments, and offered, and were ready, willing, and able, to pay the amounts due thereon to the date of filing of said suit; but said D. G. Wood informed them that the full amount of principal, interest and attorney's fees on notes 8 to 40, inclusive, was due; and that nothing had been paid on said notes Nos. 8 to 40; and refused to give them any further statements, and agreed only to give them credit for any payments they could prove by written receipts or cancelled checks; and also advised them:

That he had the right to, and had, accelerated the time of payment of said notes Nos. 8 to 40, inclusive; and

That the Revard Development Company declaration of trust created a partnership, and that the trustees and all shareholders were partners therein, and, as such, liable, jointly and severally, for the payment to him of the full amount of principal, interest, and attorney's fees due on said vendor's lien notes Nos. 8 to 40; that he would take judgment against them, jointly and severally, thereon, in said cause No. 5517; sell said Starr County land under the judgment of foreclosure; buy it in for a nominal sum, credit it on such judgment; and collect the unpaid balance of his judgment by proceedings against their funds held for them, as Osage Indians, by the government of the United States, and thereby realize the entire amount of his debt as against them, or some of them; but that if they would agree to permit him to recover the Starr County land in said cause No. 5517 without foreclosure proceedings, he would waive his right of action against them for the amount due and unpaid on said purchase-money notes; and appellants, being inexperienced in legal matters, and having no knowledge of the real effect of said acceleration clause in said notes, or of the difference between a partnership and an express trust, acceded to said demands of appellee D. G. Wood and permitted him to take judgment in said cause No. 5517 for title to and possession of said Starr County lands.

If appellee D. G. Wood represented to appellants, as alleged, that C. E. Revard and Revard Development Company had paid only seven of the forty vendor's lien notes given to him by C. E. Revard in part payment for the land in suit, and which notes Revard Development Company had agreed to pay, with interest on the other notes to February 20, 1921, he only repeated the allegations of his original petition in cause No. 5517, filed December 31, 1925, and if more was paid, as now alleged, issue as to the amount of such payments was tendered in the former suit; and that even though C. E. Revard and Olla Mae Revard paid the additional sums that they now allege, still sixteen of the notes were past due and unpaid when the former suit was filed; and if D. G. Wood represented to them, as appellants allege, he had, on December 31, 1925, the right to accelerate the maturity of the other notes and declare them due, and had exercised that right by filing suit, he only reiterated the provision on the face of each of the notes, which provide: "It is understood and agreed that failure to pay this note, or any installment of interest thereon, when due, shall at the election of the holder of them, or any of them, mature all notes this day given by C. E. Revard to said D. G. Wood in payment for said property."

If D. G. Wood represented to appellants, as alleged, that the shareholders in Revard Development Company were liable, as partners, on its contract of assumption to pay said notes, he represented no more than the terms of Article 6137, R.C.S. of Texas, authorized providing for the individual liability of stock holders or members in unincorporated joint stock companies. We refer to only a few cases construing the statute: Winters Mutual Aid Ass'n v. Reddin, Tex.Com.App., 49 S.W.2d 1095, 1096; Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964; Griffing Nurseries v. Texas National Bank, Tex.Civ.App., 100 S.W.2d 425; Thompson v. Schmitt, 115 Tex. 53, 274 S.W. 554.

From appellants' petition it appears that on June 4, 1926, when final judgment was rendered in cause No. 5517, title to the land in the suit was in Revard Development Company, subject to the vendor's lien retained by D. G. Wood in his deed to C. E. Revard, to pay the forty purchase-money notes, sixteen of which, at the time of the judgment, were past due and un-

paid. From the petition it appears to us that Revard Development Company was the only necessary party defendant in D. G. Wood's count in trespass to try title in his first amended original petition in said suit.

The trial court had jurisdiction to render the judgment which the court rendered in favor of D. G. Wood, plaintiff therein, for title to and possession of said land; it further appears to us that the Revard Development Company and those suing here as its trustees, and the other appellants, are concluded by that judgment whether or not they were proper parties to or were before the court in said suit, for the reason: they are suing here primarily to vacate the final judgment rendered in said cause No. 5517, styled "D. G. Wood v. Olla Mae Revard, Executrix,

It appears that all the parties plaintiff in the present suit (appellants), other than the three who sue as children and heirs of Carrie Revard Davis, deceased, and Lee Ridge, who sue herein only as trustees, were defendants; appellee, D. G. Wood was the plaintiff in said cause No. 5517.

Appellants plead at length the proceedings and judgment in said cause No. 5517. From the petition it appears that all the defendants in that suit were regularly before the court, represented by an attorney of their choice; the minors represented by the same attorney as guardian ad litem.

We have found no equitable grounds pleaded or facts shown that we deem sufficient to void the judgment.

But had the trial court jurisdiction, and has this court jurisdiction to review cause No. 5517?

■ We understand the law to be, as contended by appellee, that a judgment may be set aside after the expiration of the term of court at which it was rendered, and by an action in the nature of a bill of review, only in cases where litigants, through no fault of their own, and due to the acts and conduct of the opposing party, have been deprived of a valid defense of a meritorious cause of action, where the loser alleges that he was misled by the opposing party's opinions as to the matters of law, or as to the probable result of the suit, or as to the practical effects that might follow from a given judgment. We think the above statement is sustained by the case of Winters Mutual Aid Ass'n. v.

Reddin, supra, in which Judge Sharp refers to many cases establishing the rule substantially as above, to the effect that the essential elements must be alleged showing in particular that the judgment complained of or sought to be voided was obtained through the wrongful conduct of the opposite party, unmixed with fault upon the part of the complainant, and also that the complainant has a meritorious defense which, if heard, would probably bring about a different result.

We have not found in the allegations of appellants' petition such facts alleged as authorize a review or to set aside the judgment rendered in cause No. 5517, in the District Court of Hidalgo County. No equitable grounds are pleaded to set aside such judgment, other than as above stated. The only other grounds sought to be alleged for vacating the judgment are:

The judgment did not purport to divest the title held by Olla Mae Revard and McGuire Revard, as trustees of the trust estate known as Revard Development Company, in whom title to the Starr County land was vested by the deed from C. E. Revard; and said Revard Development Company, not being a legal entity, but a trust, could not sue or be sued, and said judgment was as to such trust a nullity.

Article 6133, R.C.S., provides that any unincorporated joint stock company doing business in this State may sue and be sued in any court in this State in its company name; and that the individual members are not necessary parties to such suits. The courts have repeatedly held that the provisions of Articles 6133–6137, R.C.S., apply to so-called express trusts of the character of the one involved here. The only point sought to be made here is that C. E. Revard conveyed the land in the suit to the named trustees of Revard Development Company instead of to the company itself by name. They were all before the court. Harvey Co. v. Braden, Tex.Civ.App., 260 S.W. 655; Andrews v. Manhatten Tex. Pet. Co., Tex.Civ.App., 252 S.W. 878; Richardson v. Beasley, Tex. Civ.App., 50 S.W.2d 420.

This court had the same question before it in Limpia Royalties Co. v. Cowden, Tex. Civ.App., 94 S.W.2d 481.

■ Petitioners who seek, by an action in the nature of a bill of review, to set aside a judgment rendered at a former term of the court, and from which there

was no appeal, cannot be heard to urge defenses that they could have presented in the former suit, unless upon a showing that they were there prevented from so doing by wrongful acts or conduct of the opposing party, recognized in equity as fraud or mistake; nor can such petitioners complain of judicial errors, however prejudicial, which could have been corrected on appeal.

Such judgment is conclusive as to all defenses which could have been raised, in the absence of extrinsic facts, such as fraud, accident or mistake, justifying relief. Long v. Martin, 116 Tex. 135, 287 S.W. 494; White v. Burch, Tex.Civ.App., 33 S.W.2d 512; Smith v. Pegram, Tex.Civ. App., 80 S.W.2d 354; Bearden v. Texas Co., Tex.Civ.App., 41 S.W.2d 447; Id., Tex.Com.App., 60 S.W.2d 1031; Wetherell v. Santex Gas & Oil Co., Tex.Civ.App., 93 S.W.2d 543.

It is the uniform holding of our courts that the contract of sale is treated as executory between vendor and vendee and those holding under them until the purchase money is fully satisfied, and that the vendor has the alternative remedy, so long as the purchase money is not paid, to rescind the sale contract and recover the land upon the strength of his superior title as an unsatisfied vendor. Schrock v. Campbell, Tex.Civ.App., 34 S.W.2d 324; Campbell v. Schrock, Tex.Com.App., 50 S.W.2d 788; Carey v. Starr, 93 Tex. 503, 56 S.W. 324; Douglass v. Blount, 95 Tex. 369, 67 S.W. 484, 58 L.R.A. 699.

If the first suit was tried and decided on its merits, and not on exception to joinder of parties, it is no answer to plea of former judgment that some of the parties in the second suit were not parties to first suit. White v. Burch, supra.

Judgment in favor of one suing to enforce the superior legal title to rescind the executory contract of sale and recover the land, as in suit No. 5517, is res judicata of all equitable claims that might have been included. Toler v. King, Tex.Civ.App., 11 S.W.2d 360, 361; Noble v. Empire Gas & Fuel Co., Tex.Civ.App., 20 S.W.2d 849; Stone Cattle & Pasture Co. v. Boon, 73 Tex. 548, 11 S.W. 544; McPherson v. Johnson, 69 Tex. 484, 6 S.W. 798, where it is held under such circumstances the vendor loses his right of rescission provided the vendee takes the advantage of the

vendor's action and pays the purchase money.

The above decisions, and others we have read, rest upon the theory that under the facts of the present case the vendor Wood holds the paramount title to the land until the purchase money is paid, and that on default of payment he may sue and recover the land from the vendee or any one holding under him.

Under the most favorable construction of appellants' pleadings, as we view them, they allege only that because they were misled by Wood's opinion as to various matters of law, they permitted him in cause No. 5517 to take judgment against them in trespass to try title, instead of compelling him to proceed with his suit on the notes and for foreclosure of his vendor's lien. Appellants' action is dependent upon vacating that judgment rendered in June, 1926. Appellants' original and first amended original petitions were filed in August, 1937.

We have concluded the court was not in error in sustaining the demurrer.

We have found no reversible error. The case is affirmed.